Hatch *v.* Bates.

JONATHAN N. HATCH, JR., *in equity, versus* FREDERIC BATES, JR.

So much of the XVth "Rule of Court in Chancery Cases" as pertains to a party's filing duly recorded deeds or copies thereof with the clerk, &c., is permissive and not mandatory.

If a party does not file his deeds as therein expressed, they are not therefore inadmissible, but are subject to the rules of evidence otherwise applicable.

Independent of the "rules of Court," a certified copy of a deed duly recorded is *prima facie* evidence when the party providing it is not the grantee; and the original deed is admissible without proof of execution in the same manner as the copy.

A deed executed, and left by the grantor with a third person by request and direction of the grantee, is a sufficient delivery.

When a deed, as one of the links in a chain of title, is sought to be impeached on the ground that it is a forgery, the declarations of the grantee, who is neither a witness in, nor a party to the suit, made long after its execution, are inadmissible.

The complainant, as mortgagee of the assignee of a former mortgager, brought this bill against an assignee of the former mortgage to redeem it. The respondent, to defeat the complainant's title, testified that he informed the complainant, on the day before the latter took his mortgage, that he, (respondent,) believed the complainant's grantor's title was fraudulent and without consideration; — *Held*, that the caution given to the complainant, based upon the naked belief of the respondent, unsupported by any facts contemporaneously stated, was not sufficient evidence of the complainant's cognizance of fraud, to warrant the Court to set aside the mortgage.

To foreclose a mortgage by an action at law, while c. 105 of the Public Laws of 1849 was in force, a recording of the certified abstract within the time, and at the place therein provided, was essential.

No one but a creditor of the grantor can avail himself of the objection that a deed was given without consideration.

BILL IN EQUITY.

The allegations of the bill and answer, and the material facts in the proofs, sufficiently appear in the opinion.

*J. S. Abbott*, for the complainant.

*Tallman*, for the respondent.

DICKERSON, J. — This is a bill in equity to redeem certain real estate in Richmond, from a mortgage given by one Joseph Ring, jr., to George W. Chase, assigned by Chase to William White, and by White to defendant. The case comes before us for hearing on bill, answer and proofs.

The bill alleges that Joseph Ring, jr., the mortgager, conveyed his right to redeem the mortgaged premises to William W. Ring, Sept. 16, 1854; that William W. Ring conveyed the same to Mary Ring, Nov. 1, 1858, who conveyed the same to the plaintiff by mortgage, July 23, 1859.

The answer admits the mortgage of Joseph Ring, jr., to George W. Chase, and assignments as alleged, and also the quitclaim deed, Joseph Ring, jr., to William W. Ring, but denies the deed from William W. Ring to Mary Ring, and the mortgage from her to the plaintiff.

The demand for account was duly made and not complied with.

The quitclaim deed, William W. Ring to Mary Ring, denied in the answer, is in the handwriting of the late Ezra Abbott, a counsellor at law, except the printed form and the name of the grantor, and is witnessed and acknowledged by him. The consideration is seven hundred dollars. The original deed is put into the case without proof of its due execution.

The defendant objects to the introduction of the deed for want of proof of its execution, and invokes the 15th rule of Court in chancery cases. That rule *allows* deeds executed in due form and recorded, or copies of them which have first been filed with the clerk of the courts, to be used without proof of execution, "unless the due execution be

denied, or fraud in relation thereto be alleged, of which notice shall be given within ten days, after notice that they are filed." This rule in this particular is permissive and not mandatory. A party may or may not so file his deeds. If he does not so file them, they are not therefore inadmissible, but are subject to the rules of evidence otherwise applicable in such cases. The plaintiff did not file this deed with the clerk of the courts, and give the required notice to the defendant; he is not a party to the deed. Independently of rules of court, the certified copy of a deed duly recorded is *prima facie* evidence, when the party producing it is not the grantee. *Scanlan* v. *Wright*, 13 Pick., 523 ; *Hood* v. *Fuller*, 15 Pick., 185 ; *Commonwealth* v. *Emery*, 2 Gray, 81.

The original deed is admissible without proof of execution in the same manner as the copy would be. *Knox* v. *Silloway*, 10 Maine, 201.

1. The answer to the bill alleges that this deed is a forgery. The grantor, William W. Ring, testifies that he never signed it, or authorized any one to sign it for him, and that he had any knowledge of its existence for nearly four years after it purports to have been executed. The declarations of Mary Ring, the grantee, of a similar import, are introduced. Mary Ring is not a witness in this case, nor a party. Her declarations, made a long time after the date of the deed, are no part of the *res gestae*, and are clearly inadmissible to impeach the plaintiff's title which he derived from her.

On the other hand, several of the plaintiff's witnesses, who are familiar with the handwriting of William W. Ring, pronounce the signature genuine. One of them, his brother, Gorham S. Ring, testifies that, on the day the deed bears date, he went to Ezra Abbott's office with William W. ; that William W. inquired of Mr. Abbott for a deed, which was produced and signed by him. This witness further testifies that, previous to his going to Abbott's office with his brother, he heard his mother, Mary Ring, request the latter to

give her a deed for what was due her, and he agreed to do so. Mary J. Ring, sister of William W., testifies in substance to the same conversation. The weight of evidence is in favor of the genuineness of the deed, and the fact testified to by Gorham S. Ring, that the deed was left with Mr. Abbott by request and direction of the grantee, is sufficient proof of its delivery.

The mortgage deed, Mary Ring to the plaintiff, also denied in the defendant's answer, is in the usual form, and duly acknowledged and recorded. Its due execution and the execution of the mortgage notes are proved. Nor does it seem to be seriously controverted that the plaintiff paid $600 in gold, as consideration for the mortgage.

The plaintiff has thus made out a *prima facie* case, and is entitled to have his bill maintained unless some other grounds of defence alleged in the answer are established.

2. The answer further alleges that the several deeds, Joseph Ring, jr., to William W. Ring, William W. Ring to Mary Ring, and Mary Ring to the plaintiff, were given to defraud the creditors of Joseph Ring, jr.; that the plaintiff was cognizant of this when he took the mortgage from Mary Ring, and that he brings this bill for the benefit of Joseph Ring, jr., and Mary Ring, his wife.

The deed, Joseph Ring, jr., to William W. Ring, is the foundation of the plaintiff's claim. Much of the testimony introduced to impeach that deed is inadmissible. Such are declarations of Joseph Ring, jr., not known to the plaintiff when he took the mortgage, and all his declarations made after his deed to William W. Ring. The evidence fails to show either the insolvency of Joseph Ring, jr., at the time of the conveyance, or his indebtedness beyond the amount of the mortgage, or that the plaintiff had any knowledge that the conveyance was fraudulent, when he acquired his title. We are aware that the defendant testifies that he told the plaintiff, the day before he took the mortgage from Mary Ring, that he believed that the conveyance by Joseph Ring, jr., to William W. Ring was fraudulent and without consid-

eration. This remark, if ever it was made, was made at an interview between the plaintiff and defendant nearly five years after the deed was given, and within a year and three months after William W. Ring had deeded the premises to Mary Ring. The plaintiff denies all recollection of this remark, and testifies that he had no knowledge whatever that there was any fraud in the transaction. At most the caution given to the plaintiff was based upon the naked *belief* of the defendant, unsupported by any facts stated at the time it was administered. It would be unsafe to set aside a conveyance upon such testimony.

As the deed of Joseph Ring, jr., to William W. Ring cannot be impeached on the ground that it was a fraud upon *his* creditors, it will not be pretended that the subsequent deeds, William W. Ring to Mary Ring, and Mary Ring to the plaintiff, can be impeached for this cause.

3. Again, the answer alleges that the quitclaim deed of the Ring mortgage, by William White to Mary Ring, operates an assignment of the mortgage, so that the defendant acquired no title by White's subsequent assignment of the mortgage to him. It is unnecessary for us to consider whether this objection is open to the defendant under his answer, or the legal effect of this deed, as we are satisfied that the deed never was delivered to Mary Ring. The deed was made at the request of Joseph Ring, jr., and recorded and returned to him at his instance. He paid whatever consideration was paid. There is no evidence that the grantee, Mary Ring, ever gave Joseph Ring, jr., any authority to take a deed running to her, or that she ever knew of the existence of such a deed. White seems to have regarded this deed as inoperative, since he subsequently assigned the mortgage and mortgage debt to the defendant.

4. The defendant. further alleges in his answer, that the plaintiff's mortgage was paid and discharged by a conveyance of the premises to the mortgager. A discharge was executed on the back of the mortgage, Dec. 20, 1864, to Mary. Ring, and the mortgage, with the mortgage notes, was

sent to Joseph Ring, jr., with directions to return them to the plaintiff, if the money was not paid. No consideration was paid, nor were the papers ever delivered to the grantee; they were returned to the plaintiff and the discharge was cancelled by him. No title vested in the grantee by virtue of these proceedings; and, if it had, it would have been revested in the grantor by the voluntary return, and acceptance of the mortgage and notes. *Bartlett* v. *Thorndike*, 1 Maine, 73.

5. It is alleged in the answer, that the mortgage of Joseph Ring, jr., was foreclosed by White prior to his assignment of it to the defendant, and that, by that assignment, the defendant became seized in fee of the premises.

The attempted foreclosure was by action at law, and the alleged taking of possession by White took place July 9, 1856. The Act of 1849, c. 105, was then in force, requiring that in such a case "an abstract of the writ of possession with the time of taking possession, certified by the clerk of the Court where the judgment was recovered, shall be recorded within thirty days after possession is obtained, in the registry of deeds in which the mortgage is, or ought to be recorded." No such certified abstract was filed in the case at bar; and the attempted foreclosure thus became incomplete and inoperative. It is unnecessary to consider the other objections to the alleged foreclosure.

6. It is alleged in the defendant's answer that Solon Bates recovered judgment against Joseph Ring, jr., and Austin Ring, in Dec., 1855; that execution was issued upon this judgment and a levy made upon the mortgaged premises, Jan. 14, 1860, and that this judgment was assigned to the defendant Feb. 9, 1864, whereby he became owner of the premises in fee simple. This judgment was rendered more than a year after the deed, Joseph Ring, jr., to William W. Ring, was given. These proceedings, therefore, can avail the defendant only upon the ground that that deed is invalid. We have seen that the defendant has not made

out that point in his defence; hence this ground of defence must also fail him.

7. The defendant seeks to avoid the deed, William W. Ring to Mary Ring, for want of consideration, and on the ground that it was a gift. If it was a gift, the defendant, not being a creditor of William W. Ring, cannot avail himself of this objection. The consideration named in the deed is *prima facie* evidence that the consideration was adequate. There is also corroborative evidence that this deed was given for a valuable consideration, not to be discredited by the testimony of William W. Ring, which, upon a material point in the case, we have found to be wholly unreliable.

It was competent for Mary Ring, though she was a married woman, to execute the mortgage to the plaintiff in her own name. *Brookings* v. *White*, 49 Maine, 479.

*Bill sustained.* — *Defendant to account.*

APPLETON, C. J., KENT, WALTON and DANFORTH, JJ., concurred.