# UNITED STATES *v.* SUTTON.

*(Circuit Court of Appeals, Ninth Circuit. August, 1891.)*

1. CIRCUIT COURT OF APPEALS—JURISDICTION.

Act Cong. March 3, 1891, § 6, confers appellate jurisdiction upon the United States circuit court of appeals "in all cases other than those provided for in the preceding section of this act, unless otherwise provided for by law." Section 5 provides that appeals or writs of error may be taken from the district courts direct to the supreme court "in any case in which the jurisdiction of the court is in issue." *Held,* that the circuit court of appeals has no jurisdiction of a writ of error from the district court when the jurisdiction of such court is the question for review, but it must be taken direct to the supreme court.

2. SAME—INFAMOUS CRIMES—APPEAL TO SUPREME COURT.

Act Cong. March 3, 1891, § 5, provides that appeals or writs of error may be taken from the district courts, or the existing circuit courts, direct to the supreme court, "in cases of conviction of a capital, or otherwise infamous crime." Section 6 confers appellate jurisdiction upon the United States circuit court of appeals "in all cases other than those provided for in the preceding section of this act, unless otherwise provided for by law." Rev. St. U. S. § 5352, as amended by Act March 3, 1887, makes adultery punishable by imprisonment in the penitentiary not exceeding three years. *Held,* that adultery is an "infamous crime," within section 5, and, not being "otherwise provided for by law," an appeal from a conviction thereof is not within the jurisdiction of the circuit court of appeals. Applying *Mackin* v. *U. S.,* 117 U. S. 348, 6 Sup. Ct. Rep. 777.

Application to the circuit judge for the allowance of a writ of error to the circuit court of appeals, and for the issue of a citation thereon.

*James H. Hawley,* for applicant.

Before SAWYER, Circuit Judge, and BEATTY, District Judge.

SAWYER, J. The defendant was indicted in the United States district court for the crime of adultery, under section 5352, Rev. St., as amended by the act of 1887, (24 St. 635;) the punishment prescribed being imprisonment in the penitentiary not exceeding three years. The offense was committed before the admission of Idaho as a state. The defendant demurred on the ground that the court has no jurisdiction of an offense of the kind committed in the *territory* of Idaho. The demurrer having been overruled, the defendant pleaded not guilty; a trial and conviction were had; a motion to arrest judgment on the ground of want of jurisdiction was made and overruled; and the prisoner was sentenced to 15 months' imprisonment in the penitentiary of the *state* of Idaho. There are two grounds upon which the United States circuit court of appeals has no jurisdiction in the case, and for these reasons, I cannot allow the writ, or issue a citation on the present application.

*First.* Section 5 of the act creating the circuit court of appeals provides, "that appeals or writs of error may be taken from the district courts * * * direct to the supreme court * * * in any case in which the jurisdiction of the court is in issue." That is the very question in issue in this case; and the writ of error should be issued from the supreme court. Section 6 only gives appellate jurisdiction to the circuit court of appeals "in all cases *other than those provided for in the preceding section of this act,* unless otherwise provided for by law." This case is provided for in the preceding section, and so far as I am

aware, is not otherwise provided for by law. It is, consequently, excluded. The circuit court of appeals, therefore, has no jurisdiction, and the application for the writ and citation is made to the wrong court.

*Second.* I am somewhat surprised to find, that, where an offense is punishable with imprisonment in a state-prison or penitentiary, the appellate jurisdiction upon writ of error is in the supreme court alone, and the circuit court of appeals has no jurisdiction. Article 5 of the constitution of the United States provides, that, "no person shall be held to answer for a capital, *or otherwise infamous crime,* unless upon a presentment of a grand jury," etc. In *Mackin* v. *U. S.*, 117 U. S. 348, 6 Sup. Ct. Rep. 777, the supreme court, distinctly held, "a crime punishable by imprisonment in a state-prison, or penitentiary, with, or without, hard labor," to be an "infamous crime," within the meaning of this provision of the constitution. See, also, *Ex parte Wilson*, 114 U. S. 417, 5 Sup. Ct. Rep. 935. Section 5 of the act creating the new circuit courts of appeals, provides: "That appeals or writs of error may be taken from the district courts, or from the existing circuit courts, *direct to the supreme court* in the following cases: * * * In cases of conviction of a *capital or otherwise infamous crime.*" The words "capital or other infamous crime," are identical with the words of the constitution, construed, and must, of course, bear the same construction. The language of the constitution and statute is used with reference to matters strictly cognate. The meaning must be the same in both, and congress used the language in full view of the authoritative construction given to it and as settled by the supreme court of the United States. An offense therefore, "punishable by imprisonment in a stateprison, or penitentiary, with, or without, hard labor," is "*an infamous crime,*" within the provision of this section of the act; and the appeal, under the provision cited, goes directly to the supreme court. Congress must be presumed to have used the words, "infamous crime," in the sense before established by the supreme court. Section 6 provides, "that the circuit court of appeals established by this act shall exercise appellate jurisdiction to review by appeal or writ of error final decision in the district courts, and the existing circuit courts, *in all cases other than those provided for in the preceding section of this act, unless otherwise provided for by law,*" etc.

Now, "an infamous crime" *is provided for* in the preceding section, and it is, therefore, excluded from the provision of this section, "unless otherwise provided for by law." I am unable to find any provision of the statute where it is otherwise provided for by law. The clause further along in the same section "and under the criminal laws," manifestly does not give jurisdiction, or, in any sense, extend the jurisdiction of the circuit court of appeals in criminal cases, beyond what is before provided. The clause after the first one giving jurisdiction; "and judgments and decrees of the circuit courts of appeals *shall be final,* in all cases in which jurisdiction is dependent," upon the parties, aliens, etc.; "also in all cases arising under the patent laws, under the revenue laws and *under the criminal laws* and in admiralty cases," only prescribe

*the effect*, unless a question of law is certified to the supreme court, of the judgment on appeal in the circuit court of appeals *in those cases wherein the prior provisions have given jurisdiction.* It does not enlarge, or purport to enlarge, the jurisdiction previously given. The only criminal appellate jurisdiction therefore, given to the circuit court of appeals would seem to be, jurisdiction in those minor offenses, in which writs of error are allowed by the acts of March 3, 1879, (1 Sup. Rev. St. 451,) where the imprisonment is not in a state-prison, or penitentiary —and the crime is, therefore, *not infamous.*

I find no other criminal appellate jurisdiction given to the circuit courts of appeals anywhere in the statutes. Section 5 of the new act gives the great mass of the extensive criminal appellate jurisdiction, throughout the United States, to the supreme court direct. This will, certainly, largely increase its jurisdiction and labors, in that direction. Prior to the act of 1879 there was no appeal in criminal cases, except on certificate of opposition of opinion. Yet the country got along very well for a century under that system. Under the newly adopted system, since it costs the convicted party nothing to litigate, the government paying all the expenses on both sides, and often appointing counsel for the impecunious, no convict is likely to be hanged, or find his way into the penitentiary, till he gets to the *end of the law,* at Washington. With the large extension of the right of appeal in both civil and criminal cases, it seems evident, that, the judicial force of the national courts, will have to be still further largely increased. For the reasons stated I am compelled to decline to allow the writ applied for, or to sign, or issue a citation. In three other cases in which similar applications are made, either one, or both of the grounds of want of jurisdiction exist, and for like reasons, I must refuse to allow writs, or issue citations.

BEATTY, J., concurs.