## HAMILTON et al. v. BROWN et al.

(Circuit Court of Appeals, Fifth Circuit. January 9, 1893.)

No. 73.

1. WRIT OF ERROR FROM CIRCUIT COURT OF APPEALS—TIME OF TAKING.
    A writ of error from the circuit court of appeals to a circuit court must be dismissed, unless sued out within six months from the entry of the judgment sought to be reviewed, as required by section 11 of the judiciary act of March 3, 1891.

2. CIRCUIT COURT OF APPEALS—JURISDICTION—CONSTITUTIONAL QUESTION.
    Under sections 5 and 6 of the judiciary act of March 3, 1891, the circuit court of appeals has no jurisdiction to review a decision which involves

the construction or application of the constitution of the United States, or in which a state law is claimed to be in contravention thereof.

In Error to the Circuit Court of the United States for the Western District of Texas.

At Law. Action of trespass to try title, brought by J. F. Hamilton and others against J. G. Brown and numerous other parties, to recover a league of land in Fayette county, Tex. To a plea of estoppel filed by defendants, a general demurrer and two special exceptions were overruled by the circuit court; and, plaintiffs having elected to stand on their demurrer and exceptions, judgment was thereupon entered for defendants. Plaintiffs bring error. Dismissed for want of jurisdiction.

Statement by PARDEE, Circuit Judge:

This action was instituted in the United States circuit court for the western district of Texas, Austin divison, by the plaintiffs in error, to recover a league of land situated in Fayette county, Tex., originally granted to Walter Hamilton by the republic of Mexico on April 30, 1831. The action was brought in the ordinary form of trespass to try title, as prescribed by the laws of Texas. The defendants answered by a general demurrer, plea of not guilty, and special pleas. It will be unnecessary, however, to set out at length these various pleas, inasmuch as on the final disposition of the case the issues raised by them were not passed on by the court.

The only matters for the decision of this court are embraced in a supplemental answer, in the nature of plea of estoppel, relied on by the defendants. In substance, in this plea, defendants allege that Edward Colier, the district attorney, acting under authority of the state of Texas, begun, in the name of the state, in the district court of Fayette county, a suit, whose object and purpose was to have said court adjudge that the Hamilton league had escheated to the state of Texas, and to have the title to said league divested out of Walter Hamilton and his heirs, and have it vested in the state of Texas. The petition in that case alleged that Walter Hamilton, late a resident of Fayette county, died on ——— day of ———, A. D. ———, intestate, and without heirs, and that no letters of administration had ever been granted upon said Hamilton's estate in Fayette county, in which county the succession, according to law, should have been opened, and that decedent died the owner of the league of land involved in this suit. That there are no tenants upon said tract of land, and no person in actual or constructive possession of any portion of the land, nor is there any person claiming the estate in and to the same, or paying taxes thereon, and that the estate in said land has escheated to the state of Texas; and there is a prayer for writ of possession. That afterwards, on May 18, 1861, the district court of Fayette county entered up an order of publication in said suit, commanding the publication for four successive weeks, in a newspaper printed in the state of Texas, setting forth the substance of the allegations of said petition, requiring all persons interested in the estate of Walter Hamilton to appear and show cause why the said league of land should not be vested in the state of Texas, and that pursuant to said order a notice was regularly issued and published for the required time in a newspaper called the "La Grange New Era." That sundry persons intervened in said suit, and set up claims to parts of said league. That said suit was continued from term to term until July term, 1871, when there was a trial had, and judgment entered to the effect "that the Hamilton league is escheated to the state of Texas; that the title thereto is divested out of Walter Hamilton and his heirs, and forever vested in the state of Texas." That said judgment has never been reversed or vacated, but remains in full force, and that, because of said judgment, Walter Hamilton, and all persons claiming through or under him, are estopped from and barred of the right to have or maintain this action for the recovery of said land.

In this plea defendants further alleged that on August 7, 1872, pursuant to said judgment, an order of sale issued to the sheriff of Fayette county,

commanding him to seize and sell said land for cash, as under execution, without appraisement, as the law directs, in lots of not less than ten nor more than forty acres, and turn over the proceeds of the sale, after deducting costs, to the comptroller of public accounts for the state of Texas. That said land was sold by said sheriff, and that these defendants, and those under whom they claim, became the purchasers of parts of said league claimed by them, paid for same, and received from the sheriff deeds conveying same, and that for this reason, also, plaintiffs are estopped from claiming said land, or any part thereof. To this plea is attached, as an exhibit, the judgment.

To this plea of estoppel the plaintiffs in error urged a general demurrer, and by two special exceptions claimed that the matters therein contained in nowise affected their title, because:

(1) The escheat proceedings and final judgment obtained therein were begun and prosecuted under an act of the legislature of the state of Texas, entitled "An act to provide for vesting in the state escheated property," passed March 20, 1848,—there being at the date of the filing of said escheat proceedings no other law or statute authorizing escheats,—and that this act was repealed and annulled by the constitution of Texas of 1869, prior to the date when the escheat judgment pleaded and relied upon by defendants to defeat plaintiffs' title was obtained, in this: the law of March, 1848, § 11, provides that the sheriff of the proper county shall seize the real estate escheated to the state, and sell the same in the manner therein provided, while the constitution of 1869, art. 4, § 20, prescribes a different mode, viz. that the comptroller of the state "shall take charge of all escheated property, keep an accurate account of all moneys paid into the treasury, and of all lands escheated to the state," which provisions are contradictory and conflicting.

(2) That if the escheat act of 1848 was not repealed and annulled, entirely, then said section 11 thereof, (Pasch. Dig. art. 3667,) which reads as follows: "A writ shall be issued to the sheriff of the proper county, commanding him to seize such estate vested in the state; and, if the same be personal property or real estate, he shall dispose thereof at public auction, in a manner provided by law for the sale of property under execution,"—was by the constitution of 1869, art. 4, § 20, which provides that the comptroller of the state "shall take charge of all escheated property, keep an accurate account of all moneys paid into the treasury, and of all lands escheated to the state," repealed and annulled; and there being no other provisions in said act by which compensation is made to the heirs of the intestate, whose property has been sought to be escheated, the balance of said act is not self-acting, and is one of confiscation, being in violation of the fifth amendment of the constitution of the United States, and of section 14 of the bill of rights of the Texas constitution of 1869, in force at the time the judgment was rendered.

March 30, 1891, the court below overruled these exceptions, and to this action of the court plaintiffs reserved a bill.

On July 6, 1891, plaintiffs in error, by a pleading termed in the Texas practice a "first amended second supplemental petition," renewed their former objections to the plea of estoppel, and, in addition, urged that if the act of March 20, 1848, (Escheat Act,) was not wholly repealed by the constitution of 1869, that said act, and especially section 11 thereof, was repealed by said constitution of 1869, which alone provides for compensation to the heirs owning the escheated property, and is in violation of section 10, art. 1, of the constitution of the United States, which, among other things, provides that no state shall impair the obligation of contracts, and that said law impairs the obligation of the contract between the state of Texas and Walter Hamilton and his heirs, by virtue of the grant under which they hold the land, and seeks to forfeit and confiscate the property of said Hamilton by appropriating it to the common fund without making due compensation therefor. These grounds for demurrers and special exception were by the court below overruled, and bill of exceptions again reserved.

When the case was regularly called, the plaintiffs in error, through counsel, declined to introduce any evidence, declaring that they desired to stand on their demurrer and exceptions to defendants' answer, as amended, whereupon judgment was rendered on July 18, 1891, in favor of defendants in error,

and to which judgment plaintiffs in error duly excepted. Afterwards, on February 12, 1892, this judgment was made final. This judgment plaintiffs in error, by proper proceedings, seek now to have reviewed by this court.

### Assignments of Error.

"First. That said circuit court erred in overruling plaintiffs' first amended second supplemental petition, filed July 6, 1891, which supplemental petition presented a general demurrer and special exceptions to the sufficiency of the defendants' supplemental answer, filed March 30, 1891, as fully appears by plaintiffs' bill of exceptions, approved and filed July 18, 1891, and a part of the record of this cause.

"Second. The circuit court erred in holding that the escheat proceeding set out in defendants' first supplemental answer, wherein it was averred that the title to the land in controversy in this suit has been divested out of Walter Hamilton, under whom plaintiffs claim as heirs, barred these plaintiffs of any further interest in said lands, and especially that said escheat proceedings were sufficient to show an outstanding title against plaintiffs, so as to prevent their recovering in this action.

"Third. The circuit court erred in not holding that the escheat proceedings and final judgment obtained therein, as set out in the defendants' first supplemental answer, were without the warrant and authority of any law in force in the state of Texas at the time said proceedings and judgment were had, the fact being that there was no law in Texas in force at the time by which real property could be escheated.

"Fourth. The circuit court erred in not holding that the act of March 20, 1848, of the legislature of the state of Texas, under which the escheat proceedings and judgment relied upon by defendants to bar plaintiffs' action were begun and prosecuted, had not been repealed and annulled by the constitution of the state of Texas, which went into effect in July, 1869, and especially in not holding that said act of March 20, 1848, was a nullity, in this: that said law of 1848, § 11, provides that the sheriff of the proper county shall seize and sell the real estate escheated to the state, and sell the same in the manner therein provided; while the constitution of 1869, art. 4, § 20, provides that the comptroller of the state 'shall take charge of all escheated property, keep an accurate account of all moneys paid into the treasury, and of all the land escheated to the state,'—which provisions are contradictory and conflicting.

"Fifth. Said circuit court erred in not holding that section 11 of said act of March 20, 1848, (Pasch. Dig. art. 3667,) which reads as follows: 'A writ shall be issued to the sheriff of the proper county commanding him to seize such estate vested in the state; and, if the same be personal property or real estate, he shall dispose thereof at public auction, in the manner provided by law for the sale of property under execution,'—was by said constitution of 1869, art. 4, § 20, (which provides that the comptroller of the state 'shall take charge of all escheated property, keep an accurate account of all moneys paid into the treasury and all lands escheated to the state,') repealed and annulled; and, there being no other provision in said act by which compensation is made to the heirs of an intestate whose property has been escheated, the balance of said act is not self-acting, and is one of confiscation, and therefore in violation of the fifth amendment of the constitution of the United States, and section 14 of the bill of rights of the constitution of 1869 of the state of Texas.

"Sixth. Said circuit court erred in not holding that the act of March 20, 1848, under which said escheat proceedings and judgment relied on in said supplemental answer of defendants were not in contravention and violation of section 10, article 1, of the constitution of the United States, which provides that 'no state shall pass any law * * * impairing the obligations of contracts,' in this: that said law impairs the obligation of the contract between the state of Texas and Walter Hamilton and his heirs, by virtue of the grant under which they hold said land, and seeks to forfeit or confiscate the private property of said Hamilton and his heirs, by appropriating it to the common fund, without making due compensation therefor. * * *"

B. F. Jonas, E. D. Farrar, and E. B. Kruttschnitt, (West & Mc-Gown, on the brief,) for plaintiffs in error.

Branch K. Miller, (Brown, Lane & Jackson and T. W. Gregory, on the brief,) for defendants in error.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

PARDEE, Circuit Judge, (after stating the facts.) The judgment in this case, brought here for review, was rendered and entered on the 18th day of July, 1891, and was in favor of the defendants, adjudging that the plaintiffs take nothing by their suit, and the defendants go hence without day, and recover their costs. In the judgment neither plaintiffs nor defendants were specifically named. On the 10th day of February, 1892, at a subsequent term of the court, on motion of plaintiffs' attorneys, and on notice to defendants' attorneys, the said judgment was amended so far, and only so far, as to insert therein a recital that as to three of the defendants,—Sam Hollis, W. P. Darby, and Isaac Hamilton,—who had not been served with process in the case, the plaintiffs' action was dismissed without prejudice, and to insert the names of the plaintiffs and the defendants.

A writ of error was taken and allowed on the 6th day of May, 1892, more than 6 months, and nearly 10 months, after the rendition of the original judgment; and it is expressly stated in the petition and bond therefor that the writ of error is sued out for the purpose of reviewing the record and proceedings and the rendition of the judgment rendered in favor of the defendants on the 18th day of July, 1891. It would seem from this statement that the writ of error to this court was sued out too late, not being taken or sued out within six months after the entry of the judgment sought to be reviewed. The eleventh section of the act entitled "An act to establish circuit courts of appeals, and to define and regulate in certain cases the jurisdiction of the courts of the United States, and for other purposes," approved March 3, 1891, provides "that no appeal or writ of error by which any order, judgment, or decree may be reviewed in the circuit courts of appeals under the provisions of this act shall be taken or sued out except within six months after the entry of the order, judgment, or decree sought to be reviewed."

We notice, further, that in the statement of the case, (which is agreed to be correct by counsel on both sides,) and particularly in the assignment of errors, the case is shown to be one which involves the construction and application of the constitution of the United States, as well as a case in which a law of the state of Texas is claimed to be in contravention of the constitution of the United States. In the fifth section of the act of 1891, supra, it is provided "that appeals or writs of error may be taken from the district courts, or from the existing circuit courts, direct to the supreme court, in the following cases: * * * (4) In any case that involves the construction or application of the constitution of the United States; * * * (6) in any case in which the constitution or law of the state is claimed to be in contravention of the constitution of the United States." The sixth section of said act gives appellate juris-

diction to the circuit courts of appeals to review by appeal or by writ of error final decisions in the district courts and the existing circuit courts only in cases not provided for in the fifth section of the act. On either or both of the grounds mentioned, it would seem to be our duty to dismiss the appeal, and an order to that effect will be entered.