## CHICAGO, M. & ST. P. RY. CO. v. EVANS.

### (Circuit Court of Appeals, Eighth Circuit. October 30, 1893.)

### No. 301.

CIRCUIT COURT OF APPEALS—JURISDICTION—CONSTITUTIONAL QUESTION.

The circuit court of appeals has no jurisdiction of a writ of error in which the only question presented is whether a state statute contravenes the constitution of the United States; for under the fifth and sixth sections of the judiciary act of 1891 such cases must be taken direct to the supreme court. McLish v. Roff, 12 Sup. Ct. Rep. 118, 141 U. S. 661, and Crabtree v. Madden, 4 C. C. A. 408, 54 Fed. Rep. 426, distinguished.

In Error to the Circuit Court of the United States for the Northern District of Iowa. Writ dismissed.

W. J. Knight, for plaintiff in error.

D. J. Lenehan, (D. E. Lyon, on the brief,) for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

THAYER, District Judge. From the record before us, it appears that in the month of August, 1891, the defendant in error engaged transportation for himself and two valuable trotting horses over the railroad of the Chicago, Milwaukee & St. Paul Railway Company from Dubuque, Iowa, to Winona, Minn. While in transit the car in which the plaintiff and his horses were riding collided with another car and an engine of the railway company, in consequence of which the plaintiff and his horses sustained injuries. For the injuries so sustained the defendant in error brought an action against the railway company in the United States circuit court for the northern district of Iowa. The complaint was in the ordinary form, and in one count, wherein the plaintiff claimed damages both for his personal injuries and for the injuries sustained by his stock. By way of defense to the action, the defendant pleaded that the horses in question were transported by it under and subject to the provisions of a special contract with the plaintiff, which was made at Dubuque, Iowa, on the 24th day of August, 1891, and that the defendant had fully performed everything to be done or performed by it to carry out the terms and provisions thereof. The contract was attached to the answer as an exhibit, and with reference thereto it is only necessary to say that it contained stipulations whereby the defendant company limited its liability for injuries that might be sustained by the horses to the amount of $100 per head, and for personal injuries that might be sustained by the owner or person in charge of said stock to the sum of $500. The plaintiff filed a reply to said answer, wherein he admitted that he signed the foregoing special contract, but alleged that the railway company required such agreement to be entered into for the sole purpose of limiting its liability as a common carrier, and that the agreement was contrary to the laws of Iowa, and therefore void. On the trial of the case the defendant below offered the contract in evidence to support its defense. It was objected to by the plaintiff, on the ground that

v.58F.no.3—28

it was in violation of the Iowa statute, which declares that "no contract, receipt, rule or regulation, shall exempt any corporation engaged in transporting persons or property by railway from liability of a common carrier, or carrier of passengers, which would exist had no contract, receipt, rule or regulation been made or entered into." Vide McClain's Ann. Code Iowa 1888, p. 518, § 2007. This objection appears to have been sustained by the trial court, and the contract was thereupon excluded. The plaintiff thereafter recovered a verdict on which a judgment was entered against the railway company. To reverse that judgment the company has brought the case to this court.

The only error assigned which is relied upon for a reversal has reference to the action of the lower court in excluding the aforesaid special contract, and that ruling is challenged, solely on the ground that the Iowa statute above quoted is itself invalid under the federal constitution, in so far as it attempts to prohibit a common carrier from entering into a contract, like the one at bar, limiting its common-law liability with respect to the transportation of freight and passengers from a point within to a point outside of the state of Iowa. It will thus be seen that the issue presented by the record is whether a law of the state of Iowa is in contravention of the constitution of the United States, and that is a question which this court, by virtue of the act under which it is organized, is without jurisdiction to decide.

The fifth section of the act creating the United States circuit courts of appeals provides,—that appeals or writs of error may be taken from the district and circuit courts of the United States direct to the supreme court of the United States in six classes of cases, among which are cases involving the construction or application of the constitution of the United States, and cases in which a law of a state is claimed to be in contravention of the constitution of the United States. The sixth section of the act gives the circuit courts of appeals jurisdiction to review by appeal or writ of error final decisions in the district and circuit courts "in all cases other than those provided for in the preceding [fifth] section of the act, unless otherwise provided by law." 26 Stat. 826. There is no other provision of law, so far as we are aware, which gives this court the right to hear and determine a constitutional question such as arises in the case at bar.

In the case of McLish v. Roff, 141 U. S. 661, 668, 12 Sup. Ct. Rep. 118, it was held that, when a party questions the jurisdiction of a district or circuit court of the United States, he may at his option, after final judgment, prosecute an appeal or writ of error either to the United States supreme court or to the circuit court of appeals. In such cases, if the record is removed to the supreme court, the question of jurisdiction will alone be considered. But, if it is removed to the circuit court of appeals, all questions arising upon the record may be determined. To the same effect was the decision of this court in Crabtree v. Madden, 4 C. C. A. 408, 54 Fed. Rep. 426. But these decisions fall short of supporting the contention that in every case tried before a district or circuit court of the United

States an appeal or writ of error may be taken by the losing party, at his election, either to the supreme court or to the circuit court of appeals. The jurisdiction of the supreme court and of the circuit court of appeals is not thus dependent upon the choice of the parties to a suit. That view is wholly inconsistent with the provisions of the act creating the circuit courts of appeals, which was evidently intended to vest the supreme court of the United States with exclusive jurisdiction to entertain appeals and writs of error for the review of cases which present constitutional questions such as are enumerated in the fourth, fifth, and sixth subdivisions of the fifth section of the act; and the same remark may be made with reference to the cases mentioned in the second and third subdivisions of the same section. U. S. v. Sutton, 2 C. C. A. 115, 47 Fed. Rep. 129; Hamilton v. Brown, 3 C. C. A. 639, 643, 53 Fed. Rep. 753. It is only where the jurisdiction of the trial court is in issue, or is challenged, that a party has the right to prosecute an appeal or writ of error after final judgment either to the supreme court or to the circuit court of appeals. In the case at bar the sole question presented for our consideration is whether the Iowa statute contravenes the constitution of the United States, and as this court has no jurisdiction to determine that question, especially when it is the sole issue presented by the record, it follows that the writ of error should be dismissed; and it is so ordered.