HASTINGS, Atty. Gen., et al. v. AMES et al. SAME v. SMITH et al. SAME v. HIGGINSON et al.

(Circuit Court of Appeals, Eighth Circuit. June 7, 1895.)

Nos. 590–592.

CIRCUIT COURTS OF APPEALS—JURISDICTION—CONSTITUTIONAL QUESTIONS.

Certain stockholders of railway companies operating lines in Nebraska brought suits against the members of a state board of transportation to restrain them from putting in force a schedule of freight rates prescribed by Laws Neb. 1893, c. 24, on the grounds that such act violated the fourteenth amendment of the constitution of the United States, and also certain provisions of the constitution of Nebraska. The circuit court found that the rates were unreasonable, and that the act accordingly violated the fourteenth amendment, but overruled the other grounds of objection. From the decrees enjoining the enforcement of the act, the members of the board appealed. *Held*, that such appeals were within the jurisdiction of the supreme court, as defined by the act of March 3, 1891, c. 517, § 5, subd. 6 (26 Stat. 826), and were therefore not within the jurisdiction of the circuit court of appeals.

Appeal from the Circuit Court of the United States for the District of Nebraska.

John L. Webster, A. S. Churchill, and W. A. Dilworth filed brief for appellants.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. These cases have been submitted to obtain a decision of the question whether this court has jurisdiction by appeal to review the final decrees therein which were rendered by the circuit court of the United States for the district of Nebraska. The several appellees above named, to wit, Oliver Ames et al., George Smith et al., and Henry L. Higginson et al., claiming to be stockholders, respectively, of the Union Pacific Railway Company, the Chicago & Northwestern Railway Company, and the Chicago, Burlington & Quincy Railroad Company, filed separate bills of complaint against the said companies, respectively, and against the appellants, George H. Hastings, attorney general of the state of Nebraska, John C. Allen, secretary of state, Eugene Moore, auditor of public accounts, Joseph F. Bartley, state treasurer, A. R. Humphrey, commissioner of public lands and buildings, who together constituted a board of transportation for the state of Nebraska, and against William A. Dilworth, J. M. Kountze, and J. W. Johnson, secretaries of said board, to restrain the publication and the putting in force of a certain schedule of freight rates theretofore prescribed by the legislature of the state of Nebraska, by an act passed on April 12, 1893, entitled "An act to regulate railroads, to classify freights, to fix reasonable maximum rates to be charged for the transportation of freight upon each of the railroads in the state of Nebraska, and to provide penalties for the violation of this act." Laws Neb. 1893, p. 164, c. 24.

The several bills, which were each of the same general tenor and effect, charged, in substance, that the aforesaid act was repugnant to the fourteenth amendment of the constitution of the United States, and was therefore null and void, in that it denied the several railroad companies to which it was made applicable "the equal protection of the laws," and deprived them of their property "without due process of law." It was also alleged in the bills, in substance, that the aforesaid act was inoperative and void, for the reason that it was not read at large in each house composing the legislature of the state of Nebraska on three different days, as the constitution of that state requires (section 11, art. 3, Const. Neb.), and for the further reason that the bill as enrolled and signed by the governor of the state differed radically from the measure that was actually passed by the legislature, so that the act which was adopted by the legislature was not in fact signed by the governor of the state, and had not become a law. The circuit court overruled all of the objections to the law that were based on the ground that it had not been duly enacted in the mode prescribed by the constitution of the state, but it found that the act prescribed a schedule of rates that

were unreasonable and unjust. It thereupon enjoined the appellants from putting said schedule·of rates in force, on the ground that the enforcement of the same in the mode provided by the act would deprive the defendant corporations of "the equal protection of the laws" guarantied by the fourteenth amendment of the constitution of the United States, which guaranty, as the court said, "forbids legislation, in whatever form it may be enacted, by which the property of one individual is, without compensation, wrested from him for the benefit of another or of the public." Ames v. Railway Co., 64 Fed. 165, 173. See, also, Reagan v. Trust Co., 154 U. S. 362, 399, 14 Sup. Ct. 1047.

It is manifest, therefore, that the suits at bar are cases in which it was claimed that a law of a state contravenes the constitution of the United States. The relief prayed for by the plaintiffs was predicated on the express ground that the statute which the appellants were about to enforce was in violation of the federal constitution, and the relief sought was granted by the circuit court on that ground and for no other reason. The cases accordingly fall within the purview of the sixth subdivision of section 5 of the act of March 3, 1891 (26 Stat. 826, c. 517), which declares that appeals may be taken to the supreme court in the following cases: "(6) In any case in which the constitution or law of a state is claimed to be in contravention of the constitution of the United States." In opposition to this view it has been suggested that the question which arises on these appeals is simply whether the rates prescribed by the Nebraska statute are unreasonable and unjust, and that this is not a constitutional question, but an ordinary issue of fact. It is true, no doubt, that the issue is one of fact; but a finding is required upon that issue solely for the purpose of deciding the ultimate question, which arises in the several suits, whether the state statute prescribing the rates is constitutional or otherwise. When the validity of a statute is challenged on the ground that it violates the organic law, it is ordinarily the case that the question can be determined by a simple inspection of the statute; but it may happen, as in the present case, that it can only be determined in the light of extrinsic facts which serve to demonstrate the necessary effect and operation of the statute. Now, it matters not, as we think, how a decision in such cases is to be reached, whether it be by a simple comparison of the statute with those limitations upon legislative power which are imposed by the constitution, or by an investigation and decision of a preliminary issue of fact. If, in a given suit, the ultimate question involved is whether a state statute is void, either because it impairs rights that are guarantied by the federal constitution or because the legislature of a state has assumed to exercise powers that have been surrendered to the general government, then the case is one which does not fall within the appellate jurisdiction of this court. Railway Co. v. Evans, 7 C. C. A. 290, 19 U. S. App. 233, and 58 Fed. 433; Hamilton v. Brown, 3 C. C. A. 639, 2 U. S. App. 540, and 53 Fed. 753; City of Macon v. Georgia Packing Co., 13 U. S. App. 592, 60 Fed. 781, and 9 C. C. A. 262; U. S. v. Sutton, 2 C. C. A. 115, 47 Fed. 129.

The language of the act of March 3, 1891, which we have quoted above, is very comprehensive; sufficiently so, as we think, to withdraw from the jurisdiction of this court every case in which it is claimed, in good faith, that a state statute is in contravention of the federal constitution, even though it may be claimed in the same case that the state statute in question is invalid or inoperative on other grounds. This court has decided at the present term that, if a plaintiff predicates his right to relief on the provisions of an act of congress, the case is of federal cognizance as one arising under the constitution and laws of the United States, even though the same relief is sought on other grounds that do not involve the consideration of federal laws. St. Paul, M. & M. Ry. Co. v. St. Paul & N. P. Ry. Co., 68 Fed. 2. By a strong analogy, it may be said that a case is within the appellate jurisdiction of the supreme court, and not within the appellate jurisdiction of this court, if it is claimed that a law of a state is void because it contravenes the constitution of the United States, although its invalidity is asserted on other grounds as well, and although the case may involve the consideration of many other questions. It surely was not intended that the appellate jurisdiction of the supreme court should be limited to that class of cases where a constitutional question is the sole issue involved, but, even under that stringent rule, the supreme court of the United States would have jurisdiction of these appeals.

It follows from what has been said that the cases are not within the appellate jurisdiction of this court, and the several appeals are for that reason dismissed.