## HOWARD INS. CO. OF NEW YORK v. SILVERBERG et al.

(Circuit Court of Appeals, Ninth Circuit. May 2, 1899.)

### No. 490.

1. APPEAL BOND—PLACE OF EXECUTION.
   An undertaking on appeal given to stay proceedings pending the appeal is not delivered, so as to become effective, until filed, and hence, though signed in another state, is "executed" in the state where filed.

2. LIMITATION OF ACTIONS—APPEAL UNDERTAKING—EFFECT OF FURTHER APPEAL.
   The running of the statute against an action on an appeal undertaking given on appeal to the general term of the superior court of the city of New York is not affected by the taking of a further appeal from the judgment of the general term to the court of appeals.

In Error to the Circuit Court of the United States for the Northern District of California.

This action was commenced in the circuit court of the Northern district of California to recover upon an undertaking on appeal which had been executed by the defendants in error on August 9, 1892, in a case then pending in the superior court of the city of New York, in which the Howard Insurance Company of New York was the plaintiff, and Julius Jacobs and George Easton were the defendants, and in which a judgment had been rendered for the plaintiff in the sum of $7,485.83. A condition of the undertaking on appeal was that the defendants in the action should pay all costs and damages which might be awarded upon the appeal, and that, if the judgment appealed from should be affirmed, they would pay the amount thereof. The appeal was taken to the general term of the superior court of the city of New York. On January 15, 1894, the appellate court affirmed the judgment. 26 N. Y. Supp. 1133. On December 13, 1894, Jacobs and Easton appealed from the judgment of affirmance to the court of appeals of the state of New York, and in 1896 the latter court affirmed the judgment so appealed from. 45 N. E. 1132. On December 22, 1897, the present action was brought against the sureties on the appeal bond.

The circumstances under which the undertaking was executed, as they are set forth in the complaint, are as follows: Jacobs and Easton, the defendants in the action in the superior court, desiring to appeal from the judgment of that court, requested the plaintiff in the action to accept a bond on appeal, to be signed by Silverberg and Pease, who were residents of California, as sureties. The plaintiff acceded to the request, an undertaking was signed by Silverberg and Pease in San Francisco on August 9, 1892, and on the following day both sureties verified the undertaking before a commissioner for New York in San Francisco, before whom, on the same day, they also acknowledged the instrument. On September 10, 1892, the undertaking was filed in the superior court of the city of New York, together with a written stipulation between the parties to the action to the effect that the plaintiff would not except to the sureties on said undertaking, and that such undertaking might be filed, and that no exception should be taken to its form, or to the time of its filing, or to the justification of its sureties, and that such undertaking should operate as a stay of proceedings. The parties were permitted to enter into such a stipulation under section 1305 of the Code of Civil Procedure of New York. A demurrer

was interposed to the complaint, on the ground that the cause of action was barred by subdivision 1 of section 339 of the Code of Civil Procedure of California, which provides that an action on a contract, obligation, or liability founded on an instrument of writing out of the state must be commenced within two years after the cause of action has accrued. The circuit court sustained the demurrer, and a judgment was entered dismissing the action. 89 Fed. 168. This ruling is assigned as error.

Abraham C. Freeman, for plaintiff in error.

Edmund Tauszky, Lester H. Jacobs, and W. E. F. Deal, for defendants in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

The controlling question presented in this case is whether the undertaking on appeal was executed without the state of California. No instrument is executed until it is delivered. To constitute a delivery, the obligor must do some act which places the instrument beyond his control and beyond his power of revocation. Duer v. James, 42 Md. 492; Fisher v. Hall, 41 N. Y. 416; Younge v. Guilbeau, 3 Wall. 636. The delivery need not always be made to the obligee personally. It may be made to a third person in his behalf. Hatch v. Bates, 54 Me. 136; Cooper v. Jackson, 4 Wis. 538; Sneathen v. Sneathen, 104 Mo. 201, 16 S. W. 497. A bond on appeal is not delivered to the opposite party to the suit. It is delivered to the clerk of the court, who files it and holds it on behalf of the obligee for whose benefit it is given. Section 1307, Civ. Code N. Y., provides that an undertaking "must be filed with the clerk with whom the judgment or order appealed from is entered." There can be no doubt that, as a general rule, the filing of an undertaking on appeal is its delivery. The proposition that the place of the delivery of such an instrument will, in the absence of an agreement to the contrary, be deemed to be the place of its execution, irrespective of the place where it was signed, and that a contract is made in that state in which it first takes effect as a binding obligation, is fully sustained by the authorities. In Bell v. Packard, 69 Me. 105, it was held that a promissory note written in Maine, but signed in Massachusetts, by citizens living there, and then returned by mail to the payee, living in Maine, is a note made in Maine, and to be construed by the laws thereof. The court said: "For, although it was signed in Cambridge, it was delivered to the payee in Skowhegan, and it was not a completed contract until delivered." In Lawrence v. Bassett, 5 Allen, 140, the defendant had put his name on the back of a note in another state while it was in the hands of the original maker, and before it was delivered to the payee. It was subsequently passed to the payee in Massachusetts for a valuable consideration. The court held that it then for the first time became a valid promise to pay the money, and said: "Until such delivery, it was not a binding and operative contract, upon which the defendant could have been held as a party to the note. It was therefore the delivery to the

plaintiff which completed and consummated the contract." In Milliken v. Pratt, 125 Mass. 374, the court held that a contract of guaranty signed in Massachusetts, and sent by mail to another state, and assented to and acted on there, for the price of goods sold there, is made in that state. The court said: "If the contract is completed in another state, it makes no difference in principle whether the citizen of this state goes in person, or sends an agent, or writes a letter, across the boundary line between the two states." In Forst v. Leonard (Ala.) 22 South. 481, it was held that, although a bond may be signed at one time, its execution does not occur until its delivery. Said the court: "The bond * * * speaks from the time of delivery,—from its execution, and not from its signing." So, in Tilden v. Blair, 21 Wall. 241, it was said: "It has been settled that the liability of an acceptor does not arise from merely writing his name on a bill, but that it commences with the subsequent delivery." In State v. Young, 23 Minn. 551, the court said: "It is almost an elementary principle, laid down in all the books, that a bond is not 'executed' until it is delivered, for delivery is of the essence of a deed."

But it is urged that the undertaking in the present case must be held to have been executed in the state of California, for the reason that there the final assent thereto was given. It is said that the plaintiff in the action had agreed to accept the defendants in error as sureties; that thereafter no further act was required than that they should attach their signatures to the undertaking; and that when they signed the same, and parted with us possession, the transaction was complete. We are unable to assent to this view of the facts or of the law applicable to them. Up to the date of the filing of the undertaking, there was no binding agreement of any kind between the parties. There had been a request on the part of the defendants in the action that the plaintiff accept sureties residing in California, and the request had been assented to. But there was no stipulation in writing, and there was nothing to hold either party to the agreement. It was nudum pactum. The first and only agreement that had binding force was the stipulation that was entered into when the bond was filed in the state of New York. The plaintiff in the action had not bound itself to accept as an undertaking on appeal any instrument that might come from California bearing the signatures of the sureties named. The final act was not the signing of such an instrument by the sureties, but its acceptance by the opposite party and its delivery. This is evidenced by the stipulation which accompanied it when it was filed. Up to that time the sureties on the bond had the right to recall the instrument. They could have revoked it at any time before it left the possession of the defendants in the action. There was no consideration for their liability as sureties before the bond was actually used on the appeal. The stipulation by which it was accepted was made between the parties to an action pending in the state of New York, and with reference to an appeal to a court of that state, and with reference to an undertaking which had been signed, verified, and ac-

knowledged, but not yet delivered. The complaint, after referring to the execution of the stipulation, contains this averment: "That thereafter, on the same day, the said undertaking on appeal was filed by the said Jacobs and Easton in the office of the clerk of said superior court last named, and a copy thereof served upon this plaintiff, and the appeal of said Jacobs and Easton from the said judgment was then perfected, and a stay of the execution thereof effected." The only inference to be drawn from the facts as they are stated in the complaint is that when the stipulation was entered into the undertaking was in the possession of the defendants in the action in the state of New York, and that then they parted with its possession and delivered it to the clerk. We find nothing in the allegations of the complaint, construed, as they must be, in the light of the statutes of New York, so far as the latter are applicable, to indicate that it was the purpose of the parties to the action to regard the bond as an instrument executed in the state of California, or to dispense with any of the requirements of the law of New York with reference to bonds on appeal, except in the one specified particular, that the sureties on appeal might be residents of the state of California.

The case of Alcalda v. Morales, 3 Nev. 132, cited by the plaintiff in error, is not authority for its contention. In that case one of two partners doing business in Nevada went to Sacramento, Cal., to borrow money for the firm. He negotiated a loan, signed a promissory note in Sacramento, and obtained the money upon it. The note was then sent to the other partner, who executed it in Nevada, and returned it to the plaintiff, in Sacramento. It was held that the note was executed in Nevada. It was so held for the reason that the form of the paper had been agreed upon in California, and there accepted, and there the money had been obtained thereon, and nothing remained to be done except to obtain the signature of the other partner, and that when his signature was appended, and the note left his possession on its way to the plaintiff, the transaction was closed. The vital points which distinguish that case from the case at bar have already been suggested. When the defendants in error signed the bond in California, the transaction was not closed. Their signature was but the first step. The undertaking had not been accepted. No stipulation had been made, as provided by statute, assenting to the undertaking or waiving the nonresidence of the sureties. There is nothing in the complaint to show that the plaintiff in the action had seen the instrument or knew its terms, or, indeed, to show that it was not drawn in California at the time when it was signed there. The plaintiff was under no obligation to accept the bond, nor to accept the defendants in error as sureties. It had parted with none of its rights. Execution upon its judgment had not been stayed. Payment of the judgment could have been enforced by process at any time before the undertaking and the stipulation were filed. How, then, can it be said that when the sureties signed the undertaking, and parted with its possession, the last act had been done and the transaction was closed?

It is contended that no action could be maintained on the undertaking until the final decision of the case by the court of appeals, and that the statute of limitations began to run only from the date of such final decision. The complaint expressly states that on the appeal from the decision of the general term of the superior court to the court of appeals there was no undertaking to stay the execution. Section 1309 of the New York Code of Civil Procedure provides that where security is given on appeal to the court of appeals to stay the execution of the judgment appealed from "an action shall not be maintained upon the undertaking given upon the preceding appeal until after the final determination of the appeal to the court of appeals." By implication, the statute permits such an action, in the absence of an undertaking to stay the execution, and it accords with the practice prior to the adoption of that provision of the Code. Burrall v. Vanderbilt, 6 Abb. Prac. 70; Heebner v. Townsend, 8 Abb. Prac. 234. The undertaking in this case was to secure the payment of the judgment that might be rendered in the court to which the appeal was then to be taken. It contemplated no second appeal. The conditions on which the sureties' liability was to attach were met when, on January 15, 1894, the general term of the superior court rendered its decision. On that date the cause of action against the sureties on the undertaking accrued and the statute began to run. The second appeal, taken 11 months later, could not operate to toll the statute.

On the argument of the cause in this court, the point is made that subdivision 1 of section 339 of the California Code of Civil Procedure is opposed to the provisions of the constitution of the United States, and is therefore void. We do not need to enter into a discussion of this proposition. The point was not made in the assignments of error, and is not properly before the court. If it were, we should be compelled to dismiss the appeal. Hamilton v. Brown, 3 C. C. A. 639, 53 Fed. 753; Hastings v. Ames, 15 C. C. A. 628, 68 Fed. 726; Pauley Jail Bldg. & Mfg. Co. v. Crawford Co., 28 C. C. A. 579, 84 Fed. 942; Wrightman v. Boone Co., 31 C. C. A. 570, 88 Fed. 435.

The judgment will be affirmed.