MAYOR, ETC., OF CITY OF MACON v. GEORGIA PACKING CO. et al.

(Circuit Court of Appeals, Fifth Circuit.· November 28, 1893.)

No. 192.

1. CIRCUIT COURT OF APPEALS —JURISDICTION OF CONSTITUTIONAL QUESTIONS.
The questions whether the business of dealing in western meats constitutes interstate commerce (Const. art. 1, § 8, par. 3), and whether certain city ordinances discriminate against such commerce, involve the construction or application of the constitution, and cannot, therefore, be considered by the circuit court of appeals. Judiciary Act, March 3, 1891, §§ 5, 6.

2. SAME—APPEAL FROM INTERLOCUTORY DECREE.
The circuit courts of appeal can have no jurisdiction of an appeal from an interlocutory decree granting or continuing an injunction, under section 7 of the judiciary act of March 3, 1891, if the case is of such a character that they would have no jurisdiction of an appeal from a final decree therein.

Appeal from the Circuit Court of the United States for the Southern District of Georgia.

In Equity. Bill by the Georgia Packing Company and W. L. Henry against the mayor and council of the city of Macon. Defendants demurred, and on rule to show cause the circuit court rendered a decree for an injunction pendente lite. 60 Fed. 774. An appeal was taken from this interlocutory decree, under section 7 of the act of 1891.

The Georgia Packing Company, a corporation organized under and in pursuance of the laws of the state of Georgia, and having its principal place of business in the city of Macon, Bibb county, Ga., and W. L. Henry, a citizen of the United States, residing in Macon, in Bibb county, Ga., brought their bill in the court below against the mayor and council of the city of Macon, state of Georgia, complaining that by reason of certain ordinances of the said mayor and council, fully set out in their bill, their business as wholesale and retail butchers and dealers in western meats in the city of Macon was interfered with and discriminated against, the exact method and manner of discrimination and interference being fully and in detail set forth in the bill; and thereupon complainants averred as follows: "Your orators further aver that said ordinance, viewed as a scheme to collect revenue, as aforesaid, is in violation of the constitution of the state of Georgia and of the United States, in this: that it prescribes a cheaper license tax for those who sell as well in the market and at their regular place of business than for those who sell at their regular place of business, and no tax at all for farmers selling in

the city after market hours, while handlers of western meats, not stall hold-
ers in the market, must pay a tax of five hundred dollars to sell in the city
after market hours; the constitution of Georgia providing that 'all taxation
shall be uniform upon the same class of subjects,' and the constitution of
the United States providing that citizens of different states shall be entitled
to the equal protection of the laws. Said ordinance is likewise an attempt to
regulate interstate commerce, and in such a manner as to deny to citizens of
states other than the state of Georgia, selling their meats through your
orators, the equal protection of the laws, and is illegal for that reason. Your
orators further aver that the said mayor and council of the city of Macon
well knew that the said ordinance could not be sustained as a tax measure
under the constitution of the state of Georgia, and that, therefore, they have
endeavored to give the appearance of inspection laws to the ordinance, which,
in fact, has none of the elements in it which would render the same legal as
a police measure, it not being based on consideration of public health or
morals, or intended to prevent the crowding and obstruction of the streets
and public places; and that, by reason of the premises, the enforcement of
said ordinance has and is operating to deprive your orators of their inaliena-
ble right to carry on their aforesaid business without any unnecessary re-
strictions or hindrances, whereby your orators have been and are being de-
prived of their liberty and property, without due process of law." The bill
prayed for a perpetual injunction, and for an injunction pendente lite, re-
straining the defendants from in any manner enforcing said ordinances
against orators. To this bill the defendants demurred upon the following
grounds, to wit: "(1) Because it appears upon the face of said bill that this
court has no jurisdiction of the subject-matter thereof, it appearing that all
the parties, plaintiffs and defendants, are citizens of the state of Georgia;
(2) because it appears on the face of said bill that there is no question raised
upon any violation of any part of the constitution of the United States; (3)
because it appears that only persons known residents of the state of Georgia,
who are affected by the case complained of, and any parties to said bill."
And on the same day, without waiving the demurrer, the defendants filed
an answer, saying: "That under the charter of the mayor and council of the
city of Macon the defendants have the right to regulate the sale of meats in
the city of Macon, and to confine sales thereof to the market house in said
city during market hours. Further answering, they say that said defendants
have the right to fix a license for the sale of meats or other articles in said
city. They deny that the effect of the license so fixed by them is to in any
way violate the constitution or statutes of the United States." On a rule to
show cause why the injunction pendente lite should not issue, the matter of
the bill was heard before the circuit court, which thereupon rendered a de-
cree for injunction pendente lite, enjoining and restraining the defendants
from enforcing against complainants, or any of them, certain market ordi-
nances of the city of Macon, specifying the ordinances complained of in the
bill, and reciting the following reason: "It having been made to appear to
the satisfaction of the court that said ordinances, in their necessary opera-
tion, and in the manner in which they have been and are being applied by
the said defendant and its officers, discriminate in favor of the meat products
from the country contiguous to Macon within the state of Georgia and
against the meat products of other states, and impose restrictions and bur-
dens upon interstate commerce in contravention of the constitution and laws
of the United States" From this interlocutory decree an appeal has been
prosecuted under section 7 of the act of 1891, creating and establishing this
court, assigning, among others, the following errors: "Second. Because the
court erred in holding, deciding, and decreeing that the said ordinances com-
plained of in any wise interfere with the operation of the rights of complain-
ants, so far as interstate commerce is concerned. Third. Because the court
erred in holding, deciding, and decreeing that the said complainants were
entitled to an injunction because the said ordinances, or any of them, are a
restriction upon interstate commerce."

Dessau & Hodges, for appellants.

Marion Erwin, for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

PARDEE, Circuit Judge (after stating the facts). From the bill, the demurrer, the answer, the decree of the court, and the assignment of errors, each and all, it clearly appears that the case is one that involves the construction or application of the constitution of the United States. As the parties are all citizens of the same state and district, the jurisdiction of the court below rests entirely upon the case as one arising under the constitution of the United States.

The questions presented are: First, whether the business of the complainants is interstate commerce, within the meaning of the third paragraph of section 8, art. 1, of the constitution; and, second, do the ordinances complained of amount to a regulation of interstate commerce, and, as such, discriminate against complainants' business?

The fifth section of the act entitled "An act to establish circuit courts of appeals, and to define and regulate in certain cases the jurisdiction of the courts of the United States, and for other purposes," approved March 3, 1891, provides "that appeals or writs of error may be taken from the district courts or from the existing circuit courts direct to the supreme court in the following cases: * * * In any case that involves the construction or application of the constitution of the United States." The sixth section of said act provides "that the circuit courts of appeals established by this act shall exercise appellate jurisdiction to review by appeal or by writ of error final decrees in the district court and in existing circuit courts in all cases other than those provided for in the preceding section of this act, unless otherwise provided by law." The supreme court, in construing this section, says: "The appellate jurisdiction not vested in this court was thus vested in the court created by the act, and the entire jurisdiction distributed." McLish v. Roff, 141 U. S. 661–666, 12 Sup. Ct. 118; Lau Ow Bew v. U. S., 144 U. S. 47–56, 12 Sup. Ct. 517.

The seventh section of said act provides "that where, upon a hearing in equity in a district court or in an existing circuit court, an injunction shall be granted or continued by an interlocutory order or decree in a cause in which an appeal from a final decree may be taken under the provisions of this act to the circuit court of appeals, an appeal may be taken from such interlocutory order or decree granting or continuing such injunction to the circuit court of appeals."

As, under the sixth section, this court can have no jurisdiction over any final decree rendered in the cause in which this present appeal is taken, it follows that we have no appellate jurisdiction over any interlocutory decree rendered therein, granting or continuing an injunction.

The appeal is dismissed.