### TOWN OF WESTERLY et al. v. WESTERLY WATERWORKS.

### SAME v. SEAMEN'S FRIEND SOCIETY et al.

#### (Circuit Court of Appeals, First Circuit.   October 23, 1896.)

#### Nos. 196, 197.

CIRCUIT COURT OF APPEALS—JURISDICTION.
    The circuit court of appeals has no jurisdiction of an appeal from an interlocutory order granting a preliminary injunction when constitutional questions are involved.

Appeals from the Circuit Court of the United States for the District of Rhode Island.

Francis Colwell, Walter H. Barney, and Albert B. Crafts, for appellants.

James M. Ripley, Joseph C. Ely, and Walter B. Vincent, for appellees.

Before COLT, Circuit Judge, and NELSON and WEBB, District Judges.

WEBB, District Judge.    These cases were argued at the same time.    In both cases the appellees moved to dismiss the appeals for want of jurisdiction in this court, and jurisdiction is denied for the reasons:    (1) That the cases involve the construction or application of the constitution of the United States; (2) that in each it is claimed that a law of the state of Rhode Island is in contravention of the constitution of the United States.    Inspection of the records shows that in each case the complainants ground their complaint on such constitutional questions, and in each the appellants assign as error that the court below held, "in effect, that the action of the town of Westerly, in voting to construct waterworks of its own, is in violation of the provisions of section 10, art. 1, of the constitution of the United States."    There can be no doubt of the correctness of the contention of the appellees that constitutional questions are involved in these cases.    The jurisdiction of this court is only such as is conferred on it by the statute which constituted it.    While that statute conferred large appellate jurisdiction, it was still a limited jurisdiction.    Certain cases were taken out of the cognizance of circuit courts of appeals, and were committed to the supreme court, to which writs of error and appeals from final decrees were provided for. In none of those cases can a circuit court of appeals exercise appellate jurisdiction to review by appeal or writ of error final decision in a district or circuit court.    The seventh section of the statute gave to the circuit court of appeals jurisdiction on appeal from an interlocutory order or decree granting or continuing an injunction in

a cause where it would have jurisdiction of an appeal from a final decree. The jurisdiction of an appeal from an interlocutory decree is confined to causes in which the statute gives to this court jurisdiction of an appeal from a final decree, and the cases before the court are not of that character. It follows that this court has no jurisdiction of these appeals. City of Macon v. Georgia Packing Co., 9 C. C. A. 262, 60 Fed. 781. At the argument it was urged that the decision of these cases on final hearing may be based on questions entirely apart from the constitutional questions involved. The argument is plausible, but delusive. If the decision were so resting on other than constitutional grounds, still, on any appeal from it, the constitutional questions would remain in the case, and might require determination by the appellate court,—a determination which a circuit court of appeals has no authority to pronounce. When constitutional questions are present, the whole case must go to the supreme court. Horner v. U. S., 143 U. S. 570, 12 Sup. Ct. 522; State of South Carolina v. Port Royal & A. Ry. Co., 56 Fed. 333.

These cases are appeals from orders granting preliminary injunctions. Both the question of jurisdiction and the merits of the orders were fully argued. As we determine the question of jurisdiction in favor of the appellees, we enter into no consideration of the merits, but the appellants, if they desire a rehearing on the merits, should move in the circuit court to dissolve the injunctions. Unless this is done, these interlocutory orders cannot be reviewed or modified except by the supreme court after final decree. Appeals dismissed for want of jurisdiction.