## PAULEY JAIL BLDG. & MFG. CO. v. CRAWFORD COUNTY.

(Circuit Court of Appeals, Eighth Circuit. January 31, 1898.)

### No. 1,011.

1. CIRCUIT COURT OF APPEALS—JURISDICTION—CONSTITUTIONAL QUESTIONS.

Where, in a suit in the circuit court, it is claimed that a law of a state is void because it contravenes the constitution of the United States, the circuit court of appeals has no jurisdiction of the case, although it may also involve the consideration of many other questions.

2. STATUTES—RETROSPECTIVE EFFECT—CONSTRUCTION

In a statute relating to judgments "rendered or to be rendered," the use of the word "rendered" demonstrates the legislative intention to make it operative upon judgments already entered when the statute was enacted.

3. JUDGMENTS — STATUTORY CHANGE AS TO INTEREST—RETROSPECTIVE EFFECT —CONSTITUTIONAL QUESTION.

At the date of rendering a certain judgment in Arkansas against a county of that state, the Arkansas statutes (Mansf. Dig. c. 109, p. 934, §§ 4740, 4741) provided that judgments should carry interest from the day of signing thereof, until the effects should be sold or satisfaction made. Shortly thereafter, and on March 21, 1893, an act went into effect amending section 4741 by further providing that "no judgment rendered or to be rendered against any county in the state on county warrants * * * shall bear any interest after the passage of this act." Acts 1893, p. 145. *Held*, on appeal from an order canceling the judgment upon payment of its face, with interest to March 21, 1893, that the statutory intent was to include judgments entered before its enactment, but that as it was claimed that the statute, as thus construed, contravened article 1, § 10, of the constitution of the United States, relating to the obligation of contracts, the circuit court of appeals had no jurisdiction of the case.

In Error to the Circuit Court of the United States for the Western District of Arkansas.

J. M. Harrell, for plaintiff in error.

E. B. Peirce, for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and PHILIPS, District Judge.

SANBORN, Circuit Judge. On February 11, 1893, the Pauley Jail Building & Manufacturing Company, the plaintiff in error, obtained a judgment against the county of Crawford, in the state of Arkansas, the defendant in error, upon a contract for materials furnished and services rendered, for the amount of $7,836.66. At the time the contract was made upon which this judgment was based, and at the time when the judgment was rendered, the statutes of Arkansas provided:

"Sec. 4740. Creditors shall be allowed to receive interest at the rate of six per cent. per annum on any judgment before any court or magistrate authorized to enter upon the same, from the day of signing judgment until the effects are sold, or satisfaction be made.

"Sec. 4741. Judgments or decrees upon contracts bearing more than six per cent. interest shall bear the same interest as may be specified in such contracts, and the rate of interest shall be expressed in all such judgments and decrees, and all other judgments and decrees shall bear interest at the rate of six per cent. per annum, until satisfaction is made as aforesaid." Mansf. Dig. Ark. c. 109, p. 934.

In March, 1893, the legislature of the state of Arkansas, by an act which was approved and took effect on March 21, 1893, amended the foregoing provisions of the statutes of that state by adding to section 4741 this proviso:

"Provided, no judgment rendered or to be rendered against any county in the state on county warrants or other evidences of county indebtedness shall bear any interest after the passage of this act." Acts 1893, p. 145.

The judgment rendered in favor of the plaintiff in error had been evidenced by county warrants before it was obtained, and on August 10, 1897, the defendant in error obtained from the court below an order canceling this judgment upon the payment of the face thereof, and interest at 6 per cent. from its date until March 21, 1893, when the proviso we have quoted took effect. The writ of error challenges this order, and the plaintiff insists that it was entitled to receive interest at 6 per cent. per annum upon its judgment until it was paid, and that the order of the court, discharging the judgment without requiring payment of this interest, was in violation of the provision of section 10 of article 1 of the constitution of the United States, that no state shall pass any law impairing the obligation of contracts. It is true that there is another question presented in the briefs submitted in this case,—the question whether or not the act of the legislature of Arkansas of 1893 was intended to have a retrospective effect. This question, however, is entitled to very little consideration, in view of the fact that the proviso reads that no judgment rendered or to be rendered shall bear any interest after the passage of the act. The use of the word "rendered" is a demonstration of the intention of the legislature to make this proviso applicable to judgments which had then been entered. The result is that the

only substantial question in this case is whether or not this law of the state of Arkansas is in contravention of the constitution of the United States. But this court has no jurisdiction to consider or determine that question, or any case in which a question of that character is presented. Section 5 of the act of March 3, 1891 (26 Stat. c. 517, p. 826), declares that appeals may be taken to the supreme court "(6) in any case in which the constitution or law of a state is claimed to be in contravention of the constitution of the United States." Section 6 provides that, in cases other than those provided for in section 5, the circuit court of appeals may exercise appellate jurisdiction, unless otherwise provided by law. We have repeatedly held that, if it is claimed that a law of a state is void because it contravenes the constitution of the United States, this court has no jurisdiction of the case, although it may also involve the consideration of many other questions. A careful examination of this question will be found in the opinion of this court delivered by Judge Thayer in Hastings v. Ames, 32 U. S. App. 485, 15 C. C. A. 628, and 68 Fed. 726; and upon the authority of that case, and the cases cited in that opinion, the writ of error in this case is dismissed.