ILLINOIS CENT. R. CO. v. ADAMS, Revenue Agent of State of Mississippi, et al. (two cases).[1]

YAZOO & M. V. R. CO. v. SAME.

(Circuit Court of Appeals, Fifth Circuit. April 25, 1899.)

Nos. 805–807.

APPEAL—CONSTITUTIONAL QUESTION—JURISDICTION.

A bill to restrain the collection of taxes against a railroad company alleged exemption from taxation under the charter, and that the action of defendants, the revenue agents and railroad commission of the state of Mississippi, under the laws of such state, has created a lien on the property of plaintiffs, in violation of the charter contract and of the constitution of the United States, and that the contract exempting the property from taxation is protected by such constitution. Held, under Act March 3, 1891, § 5, establishing courts of appeals, and providing that in any case involving the construction or application of the constitution of the United States appeal may be taken direct to the supreme court, and section 6, conferring on the court of appeals appellate jurisdiction in all cases other than those provided for in the preceding section, an appeal from an order

[1] Rehearing denied.

discharging restraining order issued in the cause, and refusing an injunction, does not lie to the circuit court of appeals.

Appeals from the Circuit Court of the United States for the Southern District of Mississippi.

These three cases were argued together. The purpose of each suit is to enjoin the assessment and collection of taxes. A temporary restraining order was obtained in each case, a motion made for an injunction, and a motion made by the defendants to discharge the restraining order. The court in each case refused the injunction, and granted the motion to discharge the restraining order. The complainants brought the cases by appeal to this court.

In the case of the Illinois Central Railroad Company against Wirt Adams, revenue agent of the state of Mississippi, the railroad commission of the state of Mississippi, the Canton, Aberdeen & Nashville Railroad Company, and others, the bill alleges that the legislature of the state of Mississippi, in the year 1882, granted a charter to the Canton, Aberdeen & Nashville Railroad Company. The charter provided that the property of the corporation should be exempt from taxation for a period of 20 years from the date of the approval of the act. The charter authorized the company to consolidate with any other railroad company and to lease its property. The complainant advanced $2,536,924.13 to build the Canton, Aberdeen & Nashville Railroad, and received from it a lease of all of its property and rights, including "its exemption from taxation" granted in its charter. It is alleged that, under legislation subsequent to the charter, the office of state revenue agent and the railroad commission of the state of Mississippi were created; that laws were enacted to provide for the assessment and collection of taxes and escaped taxes; that the supreme court of the state of Mississippi had so construed these laws and the constitution of the state as to make void the exemption from taxation in section 8 of the said charter. The bill shows the railroad commission of Mississippi and the revenue agent have notified the complainant and the Canton, Aberdeen & Nashville Railroad Company that they are liable for taxes on the property of the latter road for the years from 1886 to 1897, inclusive. It is alleged that steps were taken to assess and collect these taxes, notwithstanding the charter exemption. The bill also shows that the complainant has a mortgage on the property of the Canton, Aberdeen & Nashville Railroad for a sum greater than its value. Then, in the tenth paragraph of the bill, it is alleged that the action of the defendants the revenue and railroad commission of the state of Mississippi "has created, as they claim, a lien upon your orator's property known as the 'Canton, Aberdeen & Nashville Railroad,' in violation of the obligation of said charter contract and of article 1 of section 10 of the constitution of the United States. * * *" And the complainant continues that, if its prior lien is displaced by these means, it will be "in violation of the fourteenth amendment of the constitution of the United States." The twenty-third section or paragraph of the bill is as follows: "Your orator further complains and shows that the fixing of a lien upon said railroad and your orator's property in said state, by the making of said assessment of taxes as aforesaid, and the collection of said taxes, as defendant the revenue agent will do, unless restrained, and is now in the act of doing, is a violation of fourteenth amendment, section 1, of the constitution of the United States, in that it will deprive your orator, and also the Canton, Aberdeen & Nashville Railroad Company, and also its stockholders, and also its creditors, each, of property without due process of law, and your orator claims the protection of said federal constitution against said lien, seizure, sale, or claim for taxes for the years above named, and against the taking of its property, or fixing a lien thereon, for the payment of said alleged taxes, or without due compensation." In the twenty-sixth section of the bill it is alleged that "said contract [referring to the charter] exempting said property from taxation by cities and towns is protected by article 1, § 10, of the constitution of the United States."

In the case of the Illinois Central Railroad Company against Wirt Adams, agent, etc., the railroad commission of the state of Mississippi, the Yazoo & Mississippi Valley Railroad Company, and others, the bill alleges that the

Yazoo & Mississippi Valley Railroad Company became entitled, by reason of its charter, to exemption from taxation upon certain conditions stated. It is also alleged, in detail, how the complainant has become entitled to the benefit of such exemption, and that it would have to pay the taxes if they are collectible. There, as in the first case, it is alleged that the revenue agent and the railroad commission of Mississippi are taking steps to collect the taxes for certain years. It is shown that the proceedings to enforce the collection is by authority of statutes passed since the date of the charter creating the exemptions. It is also alleged that, under the later decisions of the supreme court of Mississippi, the exemption from taxation allowed by the charter is not effective. The gravamen of the complaint is that the acts passed by the Mississippi legislature, since the granting of the charter for the assessment and collection of taxes and escaped taxes, as now construed by the supreme court of Mississippi, impair the contract created by the charter, and that this is in violation of the constitution of the United States. The last sentence in the nineteenth section of the bill is as follows: "And your orator says that such collections of said taxes will impair the obligation of your orator's contract of purchase of the said bonds as aforesaid, in violation of the protection afforded by the constitution of the United States; and also will deprive it of its property without due process of law, and will withhold from it the equal protection of the law, in violation of the fourteenth amendment of the said constitution."

In Yazoo & Mississippi Valley Railroad Company against Wirt Adams, revenue agent of the state of Mississippi, and others, similar averments are made as to exemption from taxation, and that said revenue agent is proceeding to enforce collection by virtue of legislation and judicial decisions made since the exemption was allowed by charter. In this case the complainant' and defendants are all citizens of Mississippi, and the complainant relies on the case involving a federal question to establish the jurisdiction of the circuit court in which the bill was filed. The twentieth section of the bill is in these words: "Your orator now avers that the said demands of the said defendants, and their threatened action in the prosecution thereof, are asserted under and are taken under the revenue laws of the state of Mississippi passed by the legislature of said state in the Annotated Code, and of various acts amendatory thereof, at subsequent sessions of the legislature, and the act of 1894, defining the office and powers of the state revenue agent, all of which were enacted and passed subsequent to the acts hereinbefore cited, as investing your orator and the said Natchez, Jackson & Columbus Railroad Company and the said Louisville, New Orleans & Texas Railway Company with their rights in the premises as aforesaid, and such demands and such threatened action on the part of the defendants herein are in contravention of the said contract rights of your orator, and in violation of section 10, art. 1, of the constitution of the United States, which forbids any state to pass any law impairing the obligation of a contract."

The prayer of each of the bills was to enjoin the defendant Wirt Adams from bringing a suit to collect the taxes, and, generally, for an injunction against any steps to collect the taxes; for temporary injunctions pending the litigation; and for a permanent injunction against the collection of the taxes on the final hearing of the cases. The restraining orders were issued and served. The complainant in each case moved for a temporary injunction. The defendants resisted this motion, and on their part moved to discharge the restraining orders. The court, as has been stated, refused and overruled complainant's motion for injunctions, and granted the motion of the defendants. The orders show that the court was of opinion that it had no jurisdiction of the cases. The complainants appeal, and assign as errors the refusal of the court to grant the injunction and the discharge of the restraining order.

In the first and second cases the complainant corporation, the Illinois Central Railroad Company, is alleged in the bills to be a corporation under the laws of the state of Illinois. In the first case it is alleged that the defendant corporation the Canton, Aberdeen & Nashville Railroad Company is a corporation under the laws of Mississippi, and that the other defendants are citizens of Mississippi. In the second case, the defendant the Yazoo & Mississippi Valley Railroad Company was incorporated under the laws of Mississippi,

and the other defendants are citizens of Mississippi. In the third case all the parties are citizens of Mississippi.

Edward Mayes, for appellant.

F. A. Critz, R. C. Beckett, and M. Green, for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge, after stating the case, delivered the opinion of the court.

The appeals in these cases are taken from interlocutory decrees of the circuit court, each discharging a restraining order and refusing to grant an injunction. The act of February 18, 1895 (31 C. C. A. xlii., 90 Fed. xlii.), amending the seventh section of the act to establish the circuit courts of appeals, provides:

"That where, upon a hearing in equity in a district court or a circuit court, an injunction shall be granted, continued, refused or dissolved by an interlocutory order or decree or an application to dissolve an injunction shall be refused in a case in which an appeal from a final decree may be taken under the provisions of this act to the circuit court of appeals, an appeal may be taken from such interlocutory order or decree granting, continuing, refusing, dissolving or refusing to dissolve an injunction to the circuit court of appeals."

It will be observed that the right of appeal is granted only in cases in which an appeal from a final decree could be taken to this court. Unless, therefore, appeals would lie to this court from final decrees in these cases, appeals are not allowed from interlocutory orders or decrees in them. The appellate jurisdiction from the district courts and circuit courts is divided between the supreme court and the circuit courts of appeals. The cases in which appeals or writs of error may be taken direct to the supreme court are stated in section 5 of the act of March 3, 1891, establishing the circuit courts of appeals. Omitting instances not material here, the act states these cases:

"In any case that involves the construction or application of the constitution of the United States. * * * In any case in which the constitution or law of a state is claimed to be in contravention of the constitution of the United States." 26 Stat. 826.

If final decrees had been rendered in these cases, would this court have jurisdiction of appeals from them? This court has no appellate jurisdiction except that conferred on it by the statute. Section 6 of the act confers on it appellate jurisdiction from the district and circuit courts "in all cases other than those provided for in the preceding section of this act." An inspection of the record shows that constitutional questions are involved in these cases. The arguments at the bar and printed briefs filed discussed at length the question whether or not these are suits against the state of Mississippi, within the prohibition of the eleventh amendment of the constitution of the United States. On the part of the appellees, it is insisted that a proper "construction" and "application" of the eleventh amendment would defeat these suits, because it is argued that they are, in effect, suits against the state of Mississippi. On the part of the appellants, it is contended that the suits are not against the state of Mississippi, and not within the constitutional prohibition, but that they are suits against officers who are attempting to enforce void laws. This question is submitted

to the court as necessarily raised by the averments and prayers of the bills. It is not essential to a decision in these cases, however, to consider these contentions; for, by the averments of the bills, nothing is left to inference as to the complainants' claims raising other constitutional questions. The gravamen of each case is that the complainant is being deprived of contract rights secured by the constitution of the United States. The claim in each case is that the complainant is entitled by contract to be exempted from paying certain taxes, and that, pursuant to statutes of the state of Mississippi passed subsequent to the charters or contracts in question, the officers of the state are proceeding to assess and collect these taxes, —and that to do this would deprive the complainant of rights secured by the constitution of the United States. The complainants claim the protection of article 1, § 10, of the constitution of the United States, providing that "no state * * * shall pass any law impairing the obligation of contracts. * * *" The court that renders final decrees in these cases must, either directly or indirectly, decide these constitutional questions. By the record the cases involve the "construction or application of the constitution of the United States," and also are cases in which the laws of a state "are claimed to be in contravention of the constitution of the United States." The cases are not, therefore, within the appellate jurisdiction of this court. City of Macon v. Georgia Packing Co., 9 C. C. A. 262, 60 Fed. 781; Town of Westerly v. Westerly Waterworks, 22 C. C. A. 278, 76 Fed. 467; Scott v. Donald, 165 U. S. 58, 72, 73, 17 Sup. Ct. 265; Carey v. Railway Co., 150 U. S. 170, 14 Sup. Ct. 63; City of Indianapolis v. Central Trust Co. of New York, 27 C. C. A. 580, 83 Fed. 529.

In one of these cases—the last one stated—the jurisdiction of the circuit court is dependent alone on the sufficiency of the bill in presenting these federal, constitutional questions; and, if the court arranges the parties in the other two cases according to their respective interests, they would, probably, also be dependent on the subject-matter of the suits for jurisdictional averments. We express no opinion on the question of the jurisdiction of the circuit court, further than to say that the constitutional questions on which we base our conclusion as to the appellate jurisdiction of this court were necessarily considered in reaching a decision on the question of the jurisdiction of the circuit court. This much seems pertinent, if not necessary, in view of the fact that the interlocutory orders of the circuit court recite that, in its opinion, it was without jurisdiction of the cases. The appeals are dismissed.