## DAVIS v. BURKE, Sheriff.

### (Circuit Court of Appeals, Ninth Circuit. October 16, 1899.)

### No. 523.

CIRCUIT COURTS OF APPEALS—JURISDICTION—CASES INVOLVING CONSTITUTIONAL QUESTIONS.

A circuit court of appeals is without jurisdiction to entertain an appeal from an order denying a writ of habeas corpus, where the petition therefor is based on the alleged violation of the petitioner's rights under the constitution of the United States.[1]

Appeal from the District Court of the United States for the District of Idaho.

J. H. Hawley, J. W. Dorsey, and A. A. Fraser, for appellant.

S. H. Hays and W. E. Borah, for appellee.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge. The appeal in this case is taken from an order of the district court of the district of Idaho denying a writ of habeas corpus. It was alleged in the petition that Jack Davis was unlawfully held by the sheriff of Cassia county, Idaho, in the jail of said county, under the judgment and sentence of the district court of the Fourth judicial district of the state of Idaho for Cassia county, sentencing the said Jack Davis to be hanged on February 1, 1899, for the crime of murder, and that he had been deprived of his liberty, and threatened with deprivation of life, without due process of law, and contrary to the fifth and fourteenth amendments of the consti-

[1] As to jurisdiction of federal courts on habeas corpus, see note to In re Huse, 25 C. C. A. 4.

tution of the United States, in that the said district court of the state of Idaho had no jurisdiction to try the said Davis on the charge of murder, for the reason that there was no indictment, presentment, or information presented to the court against him. Upon the argument on the appeal it was contended that the sentence under which the appellant is detained is illegal and void, not only because it was rendered without due process of law, but for the further reason that the sentence imposed by the court, and which the court was authorized to impose under the law which was in force at the time of the sentence, was different from that which was applicable to the crime of murder at the time when the crime was alleged to have been committed, and that it was therefore ex post facto, and upon that ground violative of the constitution of the United States.

The appellee challenges the jurisdiction of this court to entertain an appeal which involves the construction of the constitution of the United States. Section 6 of the act establishing circuit courts of appeals confers appellate jurisdiction to review final decisions of the district and circuit courts "in all cases other than those provided for in the preceding section of this act." The preceding section provides that appeals or writs of error may be taken from the district courts and the circuit courts directly to the supreme court in "any case that involves the construction or application of the constitution of the United States." The circuit courts of appeals, so far as they have construed these provisions, have uniformly denied their own jurisdiction of appeals and writs of error in cases which involved the construction or the application of the federal constitution. City of Macon v. Georgia Packing Co., 9 C. C. A. 262, 60 Fed. 781; Railroad Co. v. Adams, 35 C. C. A. 635, 93 Fed. 852; Wrightman v. Boone Co., 31 C. C. A. 570, 88 Fed. 435; Hastings v. Ames, 15 C. C. A. 628, 68 Fed. 726; Pauley Jail Bldg. & Mfg. Co. v. Crawford Co., 28 C. C. A. 579, 84 Fed. 942; Barr v. City of New Brunswick, 19 C. C. A. 71, 72 Fed. 689. The objection to the jurisdiction of this court must be sustained, and the appeal will be dismissed.