### AMERICAN SUGAR REFINING CO. v. CITY OF NEW ORLEANS.

(Circuit Court of Appeals, Fifth Circuit. May 29, 1900.)

No. 920.

CIRCUIT COURTS OF APPEALS—JURISDICTION—CASES INVOLVING FEDERAL QUESTION.

Where the controlling question in a case involves the construction and application of the constitution of the United States, the circuit court of appeals should decline to take jurisdiction, although the question was not raised by the plaintiff's pleading, and the jurisdiction of the circuit court was not dependent upon it.

McCormick, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

Charles Carroll and J. W. Carroll, for plaintiff in error.

Samuel L. Gilmore and C. H. La Villebeuvre, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. This cause, as presented and decided in the circuit court, is one in which the constitution and laws of the state of Louisiana are claimed to be in contravention of the constitution of the United States; and therefore, by the fifth section of the act of March 3, 1891 (26 Stat. 826), jurisdiction is conferred upon the supreme court to review by direct appeal the final judgment of the circuit court therein rendered. Penn Mut. Life Ins. Co. v. City of Austin, 168 U. S. 685, 18 Sup. Ct. 223, 42 L. Ed. 626; City of Walla Walla v. Walla Walla Water Co., 172 U. S. 1, 19 Sup. Ct. 77, 43 L. Ed. 341. As presented on this writ of error, the controlling question involves the construction and application of the constitution of the United States, and we are of opinion that we should dismiss this writ of error on the authority of Carter v. Roberts, 20 Sup. Ct. 713, Adv. S. U. S. 713, 44 L. Ed. 861, and Railroad Co. v. Thiebaud, 20 Sup. Ct. 822, Adv. S. U. S. 822, 44 L. Ed. 911 (both recently decided by the supreme court of the United States), and City of Macon v. Georgia Packing Co., 60 Fed. 781, 9 C. C. A. 262, Railroad Co. v. Adams, 93 Fed. 852, 35 C. C. A. 635, and City of Dawson v. Columbia Avenue Saving Fund, Safe-Deposit, Title & Trust Co. (heretofore decided in this court) 42 C. C. A. 258, 102 Fed. 200. The writ of error herein is dismissed, with costs, but without prejudice to any right the parties may have to sue out a writ of error from the supreme court of the United States.

McCORMICK, Circuit Judge (dissenting). The city of New Orleans, through its treasurer, proceeded in the civil district court of the parish of Orleans to recover of the American Sugar Refining Company the sum of $6,250 claimed to be due for license for conducting the business of refining sugar in the city of New Orleans for the year 1899. The case was, on petition of the defendant company (the plaintiff in error), removed from the state court to the United States circuit court. The original proceeding in the state court was instituted by rule, as authorized by law; but on motion to reform pleading in the United States circuit court the city withdrew its application for an injunction and its claim for a lien, and filed on the law side of the court an ordinary petition for a moneyed demand. The petition for removal from the state court to the United States court recites that the controversy is between citizens of different states; that the American Sugar Refining Company, at the time of the commencement of the suit, was, and still is, a citizen of the state of New Jersey, and that the plaintiff, the city of New Orleans, was then, and still is, a citizen of the state of Louisiana. In the state court the plaintiff's pleading raised no federal question, and the defendant therein was compelled to ground its motion for removal on the diverse citizenship of the parties. On that ground the circuit court took jurisdiction. In that court the de-

fendant, by its pleadings, presented the federal questions involved in the case, of which the court then acquired jurisdiction. There were other issues involved. There may have been no dispute or real question in reference to these other issues. The circuit court gave judgment for the city of New Orleans, and the American Sugar Refining Company sued out this writ of error.

With the utmost deference to the opinion of the majority of the court, I submit that this case is not within the authority of City of Macon v. Georgia Packing Co., 60 Fed. 781, 9 C. C. A. 262, in which case this court said:

"As the parties are all citizens of the same state and district, the jurisdiction of the court below rests entirely upon the case as one arising under the constitution of the United States."

For the same reason it appears to me that the instant case is not within the authority of Railroad Co. v. Adams, 93 Fed. 852, 35 C. C. A. 635, in which cases it is said:

"In one of these cases—the last one stated—the jurisdiction of the circuit court is dependent alone on the sufficiency of the bill in presenting these federal constitutional questions; and, if the court arranges the parties in the other two cases according to their respective interests, they would probably also be dependent on the subject-matter of the suits for jurisdictional averments."

In Carter v. Roberts, 20 Sup. Ct. 713, Adv. S. U. S. 713, 44 L. Ed. 861, it was held that in all of the cases which are controlled by the construction or application of the constitution of the United States a direct appeal lies to the supreme court, and that, if such cases are carried to the circuit courts of appeals, those courts may decline to take jurisdiction; or, where such construction or application is involved, they may certify the constitutional question, and afterwards proceed to judgment, or may decide the whole case in the first instance. The plaintiff in the circuit court did not rest its right to recover on any construction or application of the constitution of the United States. Its case was founded on an ordinance of the city resting for its support on the statute and constitution of the state of Louisiana. The defendant, by its pleas, could not, by admitting the claims of the plaintiff in the circuit court, except so far as they were affected by the constitution of the United States, and urging its claim to the protection of the United States constitution, oust the jurisdiction of this court to pass upon the case as made by the plaintiff. It therefore appears to me that the most that can be claimed under the authority of Carter v. Roberts is that the circuit court of appeals may decline to take jurisdiction, or it may certify the constitutional question, and afterwards proceed to judgment, or it may decide the whole case in the first instance. Granting, arguendo, that the authority of the case of Carter v. Roberts goes to that extent, and can be relied upon to justify this court in declining to take jurisdiction, it appears to me that it is equal authority for the proposition that this court may decide the whole case in the first instance; and, if it may, I respectfully submit that in this case it should. The plaintiff in error has invoked the jurisdiction of this court by suing out the writ. The defendant in error does not question it. I therefore am unable to concur in the

judgment of the majority. I also think my position is supported by the cases of U. S. v. Jahn, 155 U. S. 109, 15 Sup. Ct. 39, 39 L. Ed. 87; New Orleans v. Benjamin, 153 U. S. 411, 14 Sup. Ct. 905, 38 L. Ed. 764; Horner v. U. S., 143 U. S. 570, 12 Sup. Ct. 522, 36 L. Ed. 266; and Green v. Mills, 16 C. C. A. 516, 69 Fed. 852.