ST. CLAIR COUNTY v. INTERSTATE SAND & CAR TRANSFER CO.

(Circuit Court of Appeals, Seventh Circuit.   October 9, 1901.)

No. 798.

CIRCUIT COURT OF APPEALS—JURISDICTION—CONSTITUTIONAL QUESTIONS.

Where the sole question arising on a writ of error to review a judgment of a circuit court is whether a state statute is in contravention of the constitution of the United States the circuit court of appeals is without jurisdiction.

In Error to the Circuit Court of the United States for the Southern District of Illinois.

Charles W. Thomas, for plaintiff in error.

Edward C. Kramer, John F. Lee, and George R. Lockwood, for defendant in error.

Before JENKINS and GROSSCUP, Circuit Judges, and SEAMAN, District Judge.

PER CURIAM.   The plaintiff in error brought suit to recover certain penalties aggregating $240,000, being $3 per car for 80,000 railroad cars carried over the Mississippi river on a ferry maintained by the defendant in error between the city of St. Louis, in the state of Missouri, and the city of East St. Louis, in the county of St. Clair, in the state of Illinois, upon the ground that the defendant in error had failed to procure from the plaintiff in error a license to maintain and operate such ferry, pursuant to the requirements of an act entitled "An act to revise the law in relation to ferries," in force July 1, 1874 (Starr & C. Ann. St. Ill. c. 55).   The court below sustained a demurrer to the declaration, holding the act of the legislature to be repugnant to the constitution of the United States.   109 Fed. 741. From final judgment sustaining the demurrer and dismissing the suit a writ of error is sued out from this court to review the judgment.

The sole question arising and presented for consideration goes to the validity of the statute of the state of Illinois.   It is claimed upon the one hand and denied upon the other that this statute is in contravention of the constitution of the United States.   We are without authority to determine the question.   The fifth section of the act creating the circuit court of appeals (26 Stat. 826, c. 517) provides that in such cases a review can only be had in the supreme court.   Holt v. Manufacturing Co., 25 C. C. A. 301, 80 Fed. 1, and cases cited; Ex parte Lennon, 150 U. S. 393, 399, 14 Sup. Ct. 123, 37 L. Ed. 1120; Osborne v. Florida, 164 U. S. 650, 656, 17 Sup. Ct. 214, 41 L. Ed. 586; Penn Mut. Life Ins. Co. v. City of Austin, 168 U. S. 685, 694, 18 Sup. Ct. 223, 42 L. Ed. 626; Town of Westerly v. Westerly Water Works, 22 C. C. A. 278, 76 Fed. 467.

The writ of error is dismissed.