WRIGHT, Treasurer of Hawaii Territory, v. MacFARLANE & CO. Limited, et al.

(Circuit Court of Appeals, Ninth Circuit. May 4, 1903.)

No. 823.

1. CIRCUIT COURT OF APPEALS—JURISDICTION—CONSTITUTIONAL QUESTIONS.

Act March 3, 1891, § 5, 26 Stat. 826, c. 517 [U. S. Comp. St. 1901, p. 549], provides that appeals may be taken from the District or Circuit Courts direct to the Supreme Court of the United States in cases involving constitutional questions; and section 6 provides that the Circuit Court of Appeals shall exercise appellate jurisdiction to review final decisions of the District and Circuit Courts in all cases other than those provided in the preceding section, and that its judgment shall be final in all cases in which the jurisdiction is dependent entirely upon alienage or diverse citizenship of parties. *Held*, that where the jurisdiction of the federal court depended entirely on the fact that a constitutional question was in issue, the Circuit Court of Appeals had no jurisdiction of an appeal therein.

2. SAME—INJUNCTION.

Act March 3, 1891, § 7, 26 Stat. 826, c. 517 [U. S. Comp. St. 1901, p. 549], as amended by Act June 6, 1900, 31 Stat. 660, c. 803 [U. S. Comp.

---

¶ 1. Review of jurisdiction of circuit courts, see note to Excelsior Wooden Pipe Co. v. Pacific Bridge Co., 48 C. C. A. 351.

See Courts, vol. 13, Cent. Dig. § 1099.

St. 1901, p. 550], providing that where, on a hearing in equity in a District or Circuit Court, an injunction shall be granted or continued by an interlocutory order in a case in which an appeal from a final decree may be taken under the provisions of the act to the Circuit Court of Appeals, an appeal may be taken from such interlocutory order to the Circuit Court of Appeals, does not authorize an appeal to the Circuit Court of Appeals from a decree awarding an injunction where such court would not have had jurisdiction of an appeal from the final decree by reason of the fact that the trial court's jurisdiction depended solely on an issue involving the constitutionality of the statute.

**8. SAME—APPEALS FROM DISTRICT COURT OF HAWAII.**

Act April 30, 1900, § 86, 31 Stat. 158, c. 339, provides for the establishment of a District Court in the territory of Hawaii, and for the appointment of a district judge, who is given jurisdiction of cases cognizable in the District and Circuit Courts of the United States. The section also declares that appeals from such District Court shall be allowed to the Circuit Court of Appeals in the same manner as appeals are allowed from Circuit Courts to Circuit Courts of Appeals, and that the laws of the United States relating to appeals as between the courts of the United States and the courts of the several states shall govern appeals from such District Court; and section 5 provides that the Constitution and laws of the United States, not locally inapplicable, shall be operative in such territory. *Held*, that Judiciary Act March 3, 1891, §§ 5, 6, 26 Stat. 826, c. 517 [U. S. Comp. St. 1901, p. 549], requiring appeals in cases in which federal jurisdiction depends on constitutional questions to be taken directly to the Supreme Court, applies to appeals taken from the territory of Hawaii, and hence the Circuit Court of Appeals has no jurisdiction of such an appeal taken from such territory.

Appeal from the District Court of the United States for the District of Hawaii.

This suit was brought by the appellees (plaintiffs in the court below) to obtain an injunction restraining the appellant, as Treasurer of the Territory of Hawaii, from issuing licenses under or by virtue of certain laws of the territory, and for a decree declaring such laws unconstitutional and void. The District Court for the territory of Hawaii entered a decree in favor of the appellees, declaring the laws in question to be in conflict with the Constitution of the United States, and awarded an injunction to the appellees. From this decree an appeal was taken to this court.

It appears from the amended bill of complaint that the appellees are respectively corporations organized and existing and doing business under the laws of the territory of Hawaii, and individual residents and citizens of said territory, all engaged in the business of general liquor dealers in said territory; that the appellant is the treasurer of said territory; that certain of the appellees are doing business under what are known as "dealers' licenses," issued under the provisions of chapter 44 of the Session Laws of 1882, incorporated into the Penal Laws of the Hawaiian Islands of 1897, entitling them, upon the payment of a yearly tax of $500, to sell ardent spirits in one-gallon quantities or more, and bottled liquors in quantities of not less than one dozen, providing that no part thereof shall be drank or used on the premises where sold; that the appellee H. Hackfeld & Co., Limited, is doing business under a "wholesaler's license," issued under the provisions of the same Session Laws of 1882, and incorporated into the Penal Laws of the Hawaiian Islands of 1897, entitling it, upon the payment of a yearly tax of $500, to sell spirituous liquors in the original packages as imported, provided that no part thereof shall be drank or used on the premises where sold; and that the appellee Lawrence H. Dee is doing business under a so-called "retailer's license," issued under the same Session Laws of 1882, and incorporated into the Penal Laws of 1897 aforesaid, entitling him, upon the payment of an annual tax of $1,000, to sell any spirituous liquors by the glass or bottle on the premises specified between certain hours of the week days. It is alleged that under the licenses aforesaid the appellees have been and are now importing

and selling, in addition to other spirituous liquors, certain beer and malt liquors which are manufactured in various states of the Union; and are acting as the agents for such manufacturers. It is further alleged that on September 6, 1888, long after the adoption and approval of said Session Laws of 1882, by an act of the Legislature of the Hawaiian Kingdom (chapter 46, Sess. Laws 1888) provision was made for the granting of licenses to sell malt liquors manufactured in the district of Honolulu at retail upon the payment of a yearly tax of $250, provided that the licensee shall not store or allow to be stored upon his premises, or sell, any wines, liquors, or spirits of any description whatever, except such beer manufactured in Honolulu in accordance with certain mentioned laws; and that this law was incorporated in said Penal Laws of 1897. It is alleged that during the three months prior to the filing of the bill herein the appellant had issued a large number of licenses to various parties in the city of Honolulu; that the appellees had demanded of said appellant the issuance of such licenses to them, but that appellant had refused to comply with or accede to such demands, upon the authority of and by virtue of said chapter 46 of the said Session Laws of 1888. The appellees allege that the issuance of said licenses to various parties for the sale of malt liquors in the city of Honolulu has resulted in, and will continue so to do, unless restrained, irreparable injury to the appellees; that they have invested large sums of money in the establishment, conduct, and management of their enterprises, and that their business was of great value, and highly profitable, until the issuance of said licenses by the appellant, which have greatly diminished and decreased the profits of their said business, and that for such diminution no fair redress can be obtained in any court of law. Wherefore they pray that the appellant be restrained from the further issuing of such licenses, and that the said chapter 46 of the Session Laws of 1888, as incorporated in part 5, sections 479 to 483 of chapter 41 of Penal Laws of the Hawaiian Islands of 1897, be declared null and void, as in conflict with the Constitution of the United States. A demurrer to this bill was overruled, and the appellant then answered, admitting the issuance of the licenses to various parties in Honolulu for the sale of malt liquors brewed in the district of Honolulu, and that he had refused to issue such licenses to the appellees in the exercise of the discretion vested in him by law, and alleging that the appellees were suffering no wrong or injury, and had no interest in the matters of which they complained. It was denied that the act in question was unconstitutional. The appellees filed a formal replication, and the case proceeded to trial at once, resulting in a decree for the appellees, and the issuance of the injunction prayed for.

Hatch & Silliman, for appellant.

J. J. Dunne, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge, after the foregoing statement of facts, delivered the opinion of the court.

The court below based its decree in favor of the complainants solely upon the ground that the territorial statute authorizing the treasurer of the territory to grant licenses for the sale of malt liquors manufactured in Honolulu upon the payment of an annual license of $250 was a discrimination against dealers who were required by other sections of the statute to pay an annual license tax of $1,000 for the privilege of selling any spirituous liquors by the glass or bottle, spirituous liquors being defined by the statute as meaning "any wines, spirits, ale, cider, perry, beer, or other fermented or distilled liquors, and all liquor of an intoxicating nature"; that this discrimination was repugnant to the Constitution of the United States, and that the statute was therefore void. The court thereupon entered its decree adjudging the statute in question to be wholly unconstitutional and void, as being in

conflict with the Constitution of the United States, and enjoining the appellant from in any form or manner, directly or indirectly, issuing or causing to be issued any license or licenses to any person, firm, copartnership, company, association, or corporation whatever under or by virtue of the statute so adjudged to be unconstitutional and void.

There are 50 assignments of error upon which the appellant seeks to reverse this decree. Ten of these assignments relate to the ruling of the court upon the unconstitutionality of the territorial statute, and, while no motion to dismiss the appeal has been made, we cannot ignore the plain disclosure made upon the face of the record that this court has no jurisdiction to review this case upon appeal. The jurisdiction of the Circuit Court of Appeals is provided in sections 5 and 6 of the act of March 3, 1891, 26 Stat. 826, c. 517 [U. S. Comp. St. 1901, p. 549]. Section 5 of that act provides that appeals or writs of error may be taken from the District Courts or from the existing Circuit Courts direct to the Supreme Court of the United States in, among other cases, any case involving the construction or application of the Constitution of the United States, in any case in which the constitutionality of any law of the United States or the validity or construction of any treaty made under its authority is drawn into question, and in any case in which the Constitution or law of a state is claimed to be in contravention of a law of the United States. Section 6 of the act provides that the Circuit Courts of Appeals shall exercise appellate jurisdiction to review by appeal or by writ of error final decisions in the District Courts and existing Circuit Courts in all cases other than those provided for in the preceding section of the act, unless otherwise provided by law, and that the judgments or decrees of the Circuit Courts of Appeals shall be final in all cases in which the jurisdiction is dependent entirely upon the opposite parties to the suit or controversy being aliens and citizens of the United States or citizens of different states. In the case at bar the parties to the action are either citizens and residents of the territory of Hawaii, or corporations organized, existing, and doing business under the laws of that territory. The jurisdiction of the District Court of Hawaii, sitting as a Circuit Court, was therefore not invoked by reason of the diverse citizenship of the parties, since diversity did not exist, and was not a ground of jurisdiction in that court if it had existed; but jurisdiction was invoked upon the ground that the constitutional rights of the complainants were infringed by certain statutes of the territory, which were alleged to be repugnant to the Constitution of the United States, and therefore void. The question of the constitutionality of these laws was the only one presented in the pleadings, and the sole issue determined by the court. That the Circuit Court of Appeals has no jurisdiction to review a case coming before it upon constitutional questions solely has been repeatedly held in a number of the circuits. Hamilton v. Brown, 3 C. C. A. 639, 53 Fed. 753; Chicago, M. & St. P. Ry. Co. v. Evans, 7 C. C. A. 290, 58 Fed. 433; Mayor, etc., of City of Macon v. Georgia Packing Co., 9 C. C. A. 262, 60 Fed. 781; Hastings v. Ames, 15 C. C. A. 628, 68 Fed. 726; Barr v. City of Brunswick, 19 C. C. A. 71, 72 Fed. 689; Town of Westerly v. Westerly Water Works, 22 C. C. A. 278, 76 Fed. 467; Holt v. Indiana Mfg. Co., 25 C. C. A. 301, 80 Fed.

1 ; City of Indianapolis v. Central Trust Co. of N. Y., 27 C. C. A. 580, 83 Fed. 529; Pauley Jail Building & Mfg. Co. v. Crawford, 28 C. C. A. 579, 84 Fed. 942; Wrightman v. Boone County, 31 C. C. A. 570, 88 Fed. 435; Illinois .Cent. R. Co. v. Adams, 35 C. C. A. 635, 93 Fed. 852; Davis v. Burke, 38 C. C. A. 299, 97 Fed. 501; St. Clair County v. Interstate Sand & Car Tr. Co., 49 C. C. A. 169, 110 Fed. 785.

This question of jurisdiction has also been determined in a number of cases in the Supreme Court of the United States. In Penn Mutual Life Ins. Co. v. Austin, 168 U. S. 685, 695, 18 Sup. Ct. 223, 42 L. Ed. 626, the Circuit Court of the United States had original jurisdiction of the case by reason of the diverse citizenship of the parties to the action. It was contended by the appellee in the Supreme Court that, if the appellant desired to review the decision of the trial court, an appeal should have been prosecuted to the Circuit Court of Appeals. But it appeared from the complainants' bill that they predicated their right to relief upon the averment that certain ordinances adopted by the municipal authorities of the city of Austin and an act of the Legislature of the state of Texas, referred to in their bill, impaired the obligations of a contract, which the bill alleged had been entered into with the complainants by the city of Austin, and that both the law of the state and the city ordinances were in contravention of the Constitution of the United States. It was accordingly held by the Supreme Court that these allegations plainly brought the case within the provision of the act of March 3, 1891, conferring upon the Supreme Court jurisdiction to review by direct appeal any final judgment rendered by a Circuit Court in any case in which the Constitution or law of a state is claimed to be in contravention of the Constitution of the United States. It will be observed that in this case the jurisdiction of the Circuit Court was invoked upon the ground of diverse citizenship of the parties to the action, but the bill disclosed a second ground of jurisdiction in the allegations claiming that the ordinances of the city and the law of the state were in contravention of the Constitution of the United States. These allegations presented a case in which the jurisdiction of the Circuit Court was not entirely dependent upon the opposite parties to the suit or controversy being citizens of different states, and therefore, under section 5 of the act of March 3, 1891, the Supreme Court had exclusive appellate jurisdiction.

The American Sugar Refining Co. v. New Orleans, 181 U. S. 277, 281, 21 Sup. Ct. 646, 45 L. Ed. 859, was also a case where the jurisdiction of the Circuit Court rested on the diverse citizenship of the parties. The unconstitutionality of an ordinance of the city of New Orleans was one of the defenses. An appeal was taken to the Circuit Court of Appeals, where the writ was dismissed on the ground of want of jurisdiction. The Supreme Court was then petitioned for a writ of certiorari or mandamus to compel the Circuit Court of Appeals to try the cause. The writ of certiorari was issued, the court holding that under sections 5 and 6 of the act of March 3, 1891, the Circuit Courts of Appeals have power to review judgments of the Circuit Courts when the original jurisdiction attaches solely by reason of diverse citizenship, notwithstanding the fact that constitutional questions

may have arisen after the jurisdiction of the Circuit Court attached; and that in all such cases the judgments of the Circuit Courts of Appeals are made final, and no review would be made by the Supreme Court, unless the constitutional questions involved therein were certified to that court by the Courts of Appeals. It was declared that the intention of the act was to distribute the appellate jurisdiction, and not in general to permit two appeals; that, in accordance with this intention, where a case appeared from the pleadings to really and substantially involve a controversy as to a right depending upon the construction or application of the Constitution or some law or treaty of the United States, it fell strictly within the terms of section 5 of the Act, and the appellate jurisdiction of the Supreme Court in respect to such case was exclusive. This ruling was followed and approved in Huguley Mfg. Co. v. Galeton Cotton Mills, 184 U. S. 290, 295, 22 Sup. Ct. 452, 46 L. Ed. 546. See also, Ex parte Lennon, 150 U. S. 393, 399, 14 Sup. Ct. 123, 37 L. Ed. 1120; Osborne v. Florida, 164 U. S. 650, 656, 17 Sup. Ct. 214, 41 L. Ed. 586.

The decisions of the Supreme Court in these cases clearly establish the line of appellate jurisdiction between the Circuit Courts of Appeals and the Supreme Court of the United States where a constitutional question is involved, and determine that, where the jurisdiction of the Circuit Court is originally invoked upon the ground that the controversy is as to a right depending upon the construction or application of the Constitution or some law or treaty of the United States, then the appellate jurisdiction of the Supreme Court in respect to such case is exclusive, and the Circuit Courts of Appeals have no jurisdiction to hear and determine the appeal.

It may be contended that, as this is an appeal from a decree awarding an injunction, this court properly has jurisdiction under section 7 of the act of March 3, 1891, as amended by Act June 6, 1900, 31 Stat. 660, c. 803 [U. S. Comp. St. 1901, p. 550]. That section provides "that where, upon a hearing in equity in a District Court or in a Circuit Court, or by a judge thereof in vacation, an injunction shall be granted or continued or a receiver appointed, by an interlocutory order or decree, in a cause in which an appeal from a final decree may be taken under the provisions of this act to the Circuit Court of Appeals, an appeal may be taken from such interlocutory order or decree granting or continuing such injunction or appointing such receiver, to the Circuit Court of Appeals." But a careful reading of the section will disclose that the jurisdiction of this court to hear an appeal from a decree awarding an injunction is limited to causes in which the statute gives to this court jurisdiction of an appeal from a final decree. The case at bar is not of that character. The decree awarding an injunction was part of the final decree, and, such final decree being based solely upon a constitutional question, is not reviewable by this court. Even had the decree of injunction been merely interlocutory and preliminary, under the facts of this case it would not have been appealable to this court. Mayor, etc., of City of Macon v. Georgia Packing Co. et al., 9 C. C. A. 262, 60 Fed. 781; Illinois Cent. R. R. Co. v. Adams, 35 C. C. A. 635, 93 Fed. 852; Penn Mutual Life Ins. Co. v. Austin, 168 U. S. 685, 18 Sup. Ct. 223, 42 L. Ed. 626.

There remains to be considered the appellate jurisdiction of the Circuit Court of Appeals in a case coming from the District Court of Hawaii sitting as a Circuit Court. This jurisdiction is provided in the act of Congress entitled "An act to provide a government for the territory of Hawaii," approved April 30, 1900 (31 Stat. 141, c. 339), section 86 (31 Stat. 158) of which provides "that there shall be established in said territory a District Court, to consist of one judge, who shall reside therein, and shall be called the district judge"; that "said court shall have, in addition to the ordinary jurisdiction of District Courts of the United States, jurisdiction of all cases cognizable in Circuit Courts of the United States, and shall proceed therein in the same manner as a Circuit Court." The section also provides that "writs of error and appeals from said District Court shall be had and allowed to the Circuit Court of Appeals in the Ninth Judicial Circuit, in the same manner as writs of error and appeals are allowed from Circuit Courts to Circuit Courts of Appeals, as provided by law." It is also provided that "the laws of the United States relating to appeals, writs of error, removal of causes, and other matters and proceedings as between the courts of the United States and the courts of the several states shall govern in such matters and proceedings as between the courts of the United States and the courts of the territory of Hawaii." The fifth section of the same act provides that "the Constitution, and, except as herein otherwise provided, all the laws of the United States which are not locally inapplicable, shall have the same force and effect within the said territory as elsewhere in the United States." It is clear that under this statute the jurisdiction of this court in a case appealed from the District Court of Hawaii sitting as a Circuit Court is the same jurisdiction that it has in a case coming from a federal Circuit Court, and does not extend to the review of a decree where the jurisdiction of the District Court sitting as a Circuit Court was invoked to determine whether a statute of the territory is in conflict with the Constitution of the United States. In such a case sections 5 and 6 of the judiciary act of March 3, 1891, would be locally applicable to the appellate procedure, and, under sections 5 and 86 of the act of April 30, 1900, have the same force and effect as elsewhere in the United States.

The appeal is therefore dismissed.